J. E. STONE V. JOHN B. DYSERT, *et al.*

REWARD; *Right to Recover; Capture, and Delivering Prisoner into Custody.*
A prisoner in custody in Montgomery county, for an offense under the
laws of the state committed in that county, was transferred for safe keep-
ing from the jail of such county to the county jail of Franklin county,
and while confined there escaped from the jail. S., the sheriff of Mont-
gomery county, offered a reward of $50 for the delivery of the escaped
prisoner to him at Independence in said Montgomery county. D. and
C., acting on the knowledge that a reward had been offered, and with a
view to obtain it, captured and secured the prisoner and took him back
to the county-seat of Franklin county, and there met the sheriff of said
Franklin county, who demanded the prisoner by virtue of his office, and
D. and C. delivered up the prisoner to such sheriff as his legal custodian,
and claimed the reward offered. Soon thereafter S. came to such county-
seat and received the prisoner from the sheriff of Franklin county, and
took him back to Independence. *Held,* That D. and C. are entitled to
the reward, notwithstanding the interposition of the sheriff of Franklin
county, and notwithstanding that S. came to Franklin county and re-
ceived the prisoner there, instead of having him delivered at Indepen-
dence.

### *Error from Franklin District Court.*

ACTION by *Dysert* and *Combs* to recover a reward offered
for the arrest of an escaped prisoner. All the facts appear
in the opinion. Trial at March Term 1877. Verdict and
judgment for plaintiffs, and *Stone,* defendant, brings the case
here.

*Mechem & Mechem,* for plaintiff in error.

*Benson & Parkinson,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought to recover the
amount of a reward claimed to have been offered by the plain-
tiff in error, who was the defendant in the court below. At
the trial the plaintiff offered the following testimony:

"*Z. Combs, one of the plaintiffs, testified:* Dysert and myself
caught John Heberlin at Le Loup, in this (Franklin) county,
and started down to Ottawa to put him in jail. I did not

know where we might go with him.   On the road Jenness, (sheriff of Franklin county,) met us, and demanded Heberlin. We turned him over to him, and he brought him to Ottawa. I had heard at the time we took him that a reward of fifty dollars had been offered for his capture, and I did what I did, and we acted in the matter of the arrest and capture, with a view to obtaining that reward.   I had seen a notice of the escape, and a description of the prisoner in the papers, and heard of an offer of reward.   I recognized Heberlin by the description in the papers.

"*Cross-examined:* I did not know that the defendant Stone offered the reward.   Did not know who offered it.   I did not know the terms of the offer, except that the amount offered was fifty dollars."

The following handbill was then offered:

"$50.00 REWARD.—Broke jail, on the morning of July 29th 1875, John Heberlin; height, five feet, six inches; weight, 120 lbs.; slim built, boyish-looking, about 18 or 19 years old.   He broke jail at Ottawa, Kansas, and was a prisoner belonging to Montgomery county, Kansas.   I will pay $50.00 reward for him delivered to me at Independence, Kansas.        J. E. STONE, *Sheriff, Montgomery Co., Kas.*"

It was then admitted that the prisoner remained in the jail of Franklin county until a day or two before the next term of the district court of Montgomery county, when the defendant, in the discharge of his duty as sheriff, came to Ottawa and took Heberlin with others, to Montgomery county for trial.   At that time the plaintiffs demanded of him the amount of the reward, but he refused to pay it.   It was also admitted, that the prisoner recaptured by plaintiffs was one of several prisoners who broke jail at Ottawa, in Franklin county, a day or two previous to said recapture by plaintiffs, and that he was a prisoner belonging to Montgomery county; that he had been transferred to and was incarcerated in the Franklin county jail as a prisoner of Montgomery county, by due process of law; that at the time of said escape, and recapture, said Jenness, who made the demand of plaintiffs for said prisoner, was sheriff and jailer of said Franklin county, and the officer to whose custody the said prisoner had been committed; that J. E. Stone, whose name is attached to said

handbill, was the defendant; that the distance from Ottawa to Independence was over 100 miles, and that the fare by rail from Ottawa to Independence was between five and six dollars.

The plaintiff Combs being thereupon further cross-examined, testified as follows:

"We did not do nor offer to do anything other than I have already stated, toward delivering Heberlin at Independence. We did not know at the time we delivered Heberlin to sheriff Jenness, upon his demand, that the terms of the reward required his delivery there. At the time we delivered Heberlin to sheriff Jenness upon his demand, we claimed the reward."

This was all the testimony offered by the plaintiff, who then rested, and the defendant demurred to the evidence, that it did not prove a cause of action. The court overruled the demurrer, to which ruling the defendant excepted; and thereupon the cause was submitted to the jury without further evidence upon either side. The jury returned a verdict for the defendants in error for the fifty dollars, and judgment was rendered accordingly.

The facts of this case afford a complete answer to all the objections made to the ruling of the court, or judgment below, and we must affirm the judgment. It was not necessary that the defendants in error should have known the name of the person who offered the reward, prior to their acting in the matter, in order to recover. It is sufficient, if acting on the knowledge that a reward had been offered, and with a view to obtain it, they performed substantially the service proposed in the advertisement. The fugitive criminal was arrested and brought back for the plaintiff in error. Nor was the failure to deliver the prisoner at Independence, under the facts, a reason to relieve the sheriff of Montgomery county from the payment of all of the reward. If the plaintiff in error had defended on the ground of his right to retain the expenses of transporting the prisoner from Ottawa to Independence, a different question would have been presented than we are now determining. The defense rested on the

theory that the evidence did not prove a contract; nor the performance of a contract by Dysert and Combs. These questions were presented on the demurrer to the evidence, in the instructions requested by counsel for plaintiff in error, and in their argument here. The evidence fully established a cause of action, and the demurrer thereto was properly overruled. The instructions substantially informed the jury, if the facts testified to were true, that Dysert and Combs were entitled to judgment, and we find no error in such direction to the jury. Nor was there error in the rejection of the instructions not given. The interposition of the sheriff of Franklin county, in changing the custody of the prisoner after his capture, would not alone deprive the defendants in error from receiving the reward. This sheriff had the right officially to demand the prisoner; the other parties had no right to resist the legal authority, and the prisoner was thereafter securely retained for the plaintiff in error, who came and took him from the jail, where he was placed through the services of Dysert and Combs, to Independence. *Stephens v. Brooks*, 2 Bush. 137; *First National Bank v. Hart*, 55 Ill. 62; *Besse v. Dyer*, 9 Allen, 151.

The judgment will be affirmed.

All the Justices concurring.