J. W. ELKINS, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE (Henry T. Zimmer, Intervenor), *Appellees*.

No. 17,396.

### SYLLABUS BY THE COURT.

1. CRIME—*Reward for "Arrest and Conviction"—Party Entitled thereto*. A reward, offered and published by a board of county commissioners under section 6900 of the General Statutes of 1909, is offered to every citizen, and when the offer comes to the knowledge of any one, and he begins the undertaking of doing the things upon which the offer is conditioned for the purpose of gaining the reward, a contract thereupon arises between him and the board of county commissioners that if he accomplishes the results specified he shall receive the specified reward.

2. —— *Same*. Since it is not within the power of any citizen, literally, to do, by himself or his agents, the things specified in the statute and in the published offer, it is held that if he substantially accomplishes the full objects of the offer, aided by the officers of the law in the orderly performance of their official duties, he has met the conditions of the contract and earned the reward.

Appeal from Wyandotte district court. Opinion filed January 6, 1912. Reversed.

*McCabe Moore*, and *J. N. Baird*, for the appellant.

*James M. Meek*, county attorney, for appellee Board of County Commissioners.

*T. A. Pollock*, and *E. C. Little*, for the intervenor.

The opinion of the court was delivered by

SMITH, J.: About October 19, 1909, three persons were murdered in Wyandotte county. Immediately the board of county commissioners of the county offered and published the following:

"Whereas, Alonza Van Royen, Margaret Van Royen and Rosa McMahon were murdered on or about the 19th day of October, 1909, by some unknown person or

20—86 KAN.

persons and whereas it appears that the same person or persons committed said crimes; therefore, be it ordered by the Board of County Commissioners, that a reward of $300, $100 in each case, be and the same hereby is offered for the arrest and conviction of the person or persons who murdered said Alonza Van Royen, Margaret Van Royen and Rosa McMahon. This offer to be in force and effect for a period of ninety days from this dated. "Granted."

Before this action was commenced, one James McMahon was arrested and convicted of the crime. Henry T. Zimmer, one of the appellees, by leave of the court, filed an intervening petition. The answer of appellant to the intervenor's petition denied his claims. The commissioners in answer admitted that both the intervenor and the appellant had filed their claims before the board for the reward and that each of said claims had been disallowed for the reason that the board was unable to determine which was entitled thereto; and also alleged that they were willing and anxious to pay the reward and that the court should determine which of the claimants was entitled thereto. A trial was had in the district court to a jury. The appellant produced his evidence and the intervenor demurred thereto, which demurrer was sustained. The intervenor produced his evidence, which was submitted to the jury, and a verdict was returned in favor of the defendant board of county commissioners. The appellant filed a motion for a new trial, which was overruled, and the intervenor filed a motion to set aside the verdict and for judgment in his favor for the full amount of the reward as claimed. This motion was sustained and judgment was accordingly rendered. The plaintiff, Elkins, appeals and presents two specifications of error, viz.: the sustaining of the demurrer to his evidence and the overruling of his motion for a new trial. Both exceptions are well taken, although the motion for a new trial, in effect, only invoked a reconsideration of the demurrer to the evidence.

The only question for consideration is the ruling on the demurrer.  If there was no evidence tending to prove the appellant's right to recover, the ruling was correct; otherwise it was erroneous.  We think appellant produced abundant evidence tending to support his claim.  It was, in substance—he saw the publication of the offer of reward and, probably previously having a suspicion, went to the suspected man.  At the second interview he told the suspect that the sheriff was coming that day to search his premises and if the suspect had a gun he had better let him have it.  By stratagem he gained the confidence of the suspect and was taken to a remote cornfield where the suspect crawled under a corn shock and withdrew a revolver, which, perhaps, had been used in the perpetration of the crime.  Also, from another shock some distance removed the suspect produced a pocket-book containing valuable articles of jewelry, and a box of cartridges.  All these articles McMahon placed in a sack and entrusted it to the keeping of the appellant with a threat upon his life if he betrayed him and a suggestion of a $2000 bribe if he stood true.  The appellant took the sack and contents to his home and twice telephoned the sheriff to come there, which request was finally complied with.  Upon the arrival of the sheriff the story of the interviews and how the articles were found was told by appellant.  The sack was opened, the articles were examined, and together they took them to the county courthouse.  On the way the appellant told the sheriff about the offered reward and was told that he was welcome to it as far as he, the sheriff, was concerned.  On stopping at the courthouse, one Brady, a deputy sheriff, came to the buggy and the sheriff told him what had occurred and told Brady to go out and get McMahon.  Brady shook hands with appellant and said he had done well.  Brady then stepped back to where the intervenor and two other men were standing.

Some time thereafter on the same day appellant saw

the intervenor come down the street toward the jail with McMahon in an automobile. McMahon was taken to a room in the county jail and the articles that appellant had turned over to the sheriff were shown him and he was asked by the county attorney if he had ever known or seen the appellant, which he denied, and also denied having given the articles to appellant. Then the county attorney called in appellant from another room and appellant faced McMahon, who then confessed he had committed the crime of murdering the three people and that he had given the articles to appellant.

In the pleadings the conviction of McMahon was asserted or admitted by all parties to the action. The board of county commissioners and the intervenor jointly demurred to the evidence of appellant.

It is not questioned that upon any person's seeing the published offer of reward and entering upon the attempt to gain it there arose a contract between him and the board of county commissioners conditioned that if he effected the "arrest and conviction" of the murderer the county would pay him $300.

All the evidence being taken as true, as it must be as against the demurrer, the sole question is: Does it tend to prove that the appellant had performed the conditions of the contract so as to entitle him to the reward?

Appellee Zimmer contends for a literal interpretation of the contract as to one of the conditions, antecedent to the right of recovery, when he says there was "no evidence tending to prove that Elkins, either himself or by his agent, arrested McMahon." In the same technical sense it might be said that neither of the claimants, either by himself or by his agent, convicted McMahon. The evidence of appellant does not show who in fact physically took the murderer, but it does show that, upon the demonstration made by appellant to the sheriff of who and where the murderer was, the sheriff ordered his deputy to go and bring McMahon in and,

presumptively, he was brought in in obedience to such order.

The authority for offering the reward is found in section 6900 of the General Statutes of 1909, and it reads:

"That whenever any board of county commissioners of any county in this state shall be satisfied that there has been a murder or lynching of a human being committed in their county, and that the perpetrator or perpetrators of either of such crimes is unknown, or if known, has escaped to parts unknown, then, in either such case, such board of county commissioners shall have the right, power and authority to offer and pay a reward in any sum not exceeding five hundred dollars for the discovery, arrest and conviction of the perpetrator or perpetrators of either of said crimes, or for the arrest and conviction of the perpetrators of either of said crimes, if known, but who has or have escaped to parts unknown: *Provided*, That the prosecuting attorney of the county in which the offense was committed shall not receive or accept any reward."

It will be observed that the statute provides two situations under which the commissioners may offer a reward, viz.: (1) when the board is satisfied that a murder has been committed and that the perpetrator is *unknown* or, if known, has escaped to parts unknown, they may offer the reward "for the discovery, arrest and conviction," etc., or (2) may offer the reward "for the arrest and conviction of the perpetrator," if known, but "who has . . . escaped to parts unknown." The statute appears not to have been carefully drawn in that the authority to offer a reward for a known perpetrator who has escaped to parts unknown is repeated. In the first provision alone, however, is authority found for offering a reward for the apprehension of an *unknown* perpetrator, and in this provision alone is found the requirement of "discovery." This case falls under the first situation.

In their published offer of reward, the commissioners, while they recited that the guilty person or persons

were unknown, omitted "discovery" from the conditions of earning the reward offered. Discovery is necessarily implied, however, as the real perpetrator could not be arrested until he was discovered. The language of the statute indicates the prime consideration for offering a reward in this and like cases, viz.: the discovery of the guilty person or persons and, what is most essential, the discovery of incriminating evidence. His neighbors, it is to be supposed, knew McMahon, but the appellant discovered or apprehended him as the criminal. When he had done so he had met the first requirement of the law to earn the reward, but not having seen the crime committed and having no delegated authority to make the arrest, he did the only proper thing to do— he promptly sought out the sheriff and procured the arrest. His disclosures made it the duty of the sheriff to make the arrest. He did that without which the arrest would not have been made. In the eye of the law, he made the arrest. By the same logic it must be said he convicted McMahon. He confronted McMahon with such a demonstration of his guilt that McMahon confessed it.

If on a new trial the evidence against which the demurrer was sustained is found to be true the appellant will be entitled to the reward. The appellant discovered the criminal; he was unauthorized either by himself or by his agent to arrest or to convict but he did all that was possible for him legally to do. The officers of the law did their bounden duty and the arrest and conviction followed. He caused both. This is all the contract contemplated any citizen could do. (*Haskell v. Davidson,* 91 Maine, 488, 40 Atl. 330, 64 Am. St. Rep. 254; 34 Cyc. 1747.)

The offer was not made to police officers alone but to citizens generally. If it were made to officers only, no one officer could, either by himself or his agent, meet the requirements of the offer with the strict construction thereof which is urged upon this court.

Many conflicting authorities are cited to sustain the contentions of the respective parties. A careful reading of them all, and others, indicates that each case, as to the circumstances and the object sought to be obtained in offering the reward, must in a measure be considered by itself. If, for instance, great danger is, from the known facts, to be anticipated in making the arrest, the reward should be construed as intended for those who should brave the danger and effect the arrest. In other cases, as in this, detective ingenuity is demanded. In every case the accomplishment of the desired result, the bringing of the criminal to justice, is the object of the proffered reward. He who accomplishes that which really effectuates such result is entitled to the reward. That the services of a sheriff, a county attorney, twelve jurors and a judge, in their respective official capacities, are necessary to consummate the arrest and conviction, detracts not from his right. Their duties are incident to their respective offices for which the law provides compensation. His is an extraordinary employment and for compensation he looks to the contract.

From all the circumstances the prime object in this case was the apprehension or discovery of the criminal; the rest followed by the orderly discharge of their duties by different officers. So far as the evidence demurred to discloses, the language employed in *Stone v. Dysert,* 20 Kan. 123, may be applied to the appellant. It was said:

"It is sufficient, if acting on the knowledge that a reward had been offered, and with a view to obtain it, they performed substantially the service proposed in the advertisement." (p. 125.)

The ruling on the demurrer and the judgment is reversed and the case is remanded for a new trial.