No. 18,621.

J. W. ELKINS, *Appellant*, v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WYANDOTTE
(HENRY T. ZIMMER, Intervenor), *Appellees*.

### SYLLABUS BY THE COURT.

1. REWARD—*"Arrest and Conviction"*—*"Special" Deputy Sheriff
—May Recover Reward.* Evidence that a person was a
"special and nonpay" deputy sheriff implies that his activities
in that regard were limited to performing acts specifically
directed, and that he was under no obligation to devote time
to investigating criminal offenses.

2. SAME. Such a deputy sheriff is not precluded by his office
from claiming a reward offered for the arrest and conviction
of an offender, where by his own efforts he has discovered by
whom a crime was committed, and by what evidence this can
be proved.

3. SAME. A person who discovers the perpetrator of a crime,
and the evidence by which he can be convicted, may be en-
titled to a reward offered for the "arrest and conviction" of
the offender, even although, having the power to make the
arrest himself, he omits to exercise it, and permits some one
else to take the defendant into custody.

Appeal from Wyandotte district court, division
No. 1; EDWARD L. FISCHER, judge. Opinion filed Feb-
ruary 7, 1914. Reversed.

*J. McCabe Moore*, and *J. N. Baird*, of Kansas City,
for the appellant.

*James Meek*, county attorney, for appellee Board of
County Commissioners.

*T. A. Pollock*, and *E. C. Little*, both of Kansas City,
for the intervenor.

The opinion of the court was delivered by

MASON, J.: The board of county commissioners of
Wyandotte county offered a reward for the "arrest and
conviction" of the person who had committed a murder.

Elkins v. Wyandotte County.

J. W. Elkins brought action against the county for the amount, asserting that he had met the conditions. H. T. Zimmer set up a conflicting claim, which he sought to enforce by interpleading. The county admitted its liability to one or the other of the claimants. Upon a trial the court sustained a demurrer to the evidence of Elkins and rendered judgment for Zimmer, which was reversed on appeal. (*Elkins v. Wyandotte County*, 86 Kan. 305, 120 Pac. 542, annotated in 46 L. R. A., n. s., 662.) Upon a new trial judgment was again rendered in favor of Zimmer, and Elkins again appeals.

There was evidence tending to establish these facts: Elkins, learning of the offer of the reward, began an investigation of the case. By talking with one James McMahon he induced him to produce and turn over some articles, including a gun, which were hidden in a cornfield. He told the sheriff of this, stating that McMahon was the guilty person. The sheriff directed the undersheriff and Zimmer to send and get him. McMahon was arrested, and on being confronted with the articles found in the field, confessed. Elkins was at the time a "special and non-pay" deputy sheriff.

The description of Elkins as a "special and non-pay" deputy seems fairly to imply that while he held a commission as a deputy sheriff his activities in that connection were limited to serving such papers as might be delivered to him, or performing such other acts as might be specifically directed. Clearly he was under no obligation to devote time to the investigation of criminal offenses. This was evidently the view of the trial court, for the mere fact of Elkins' official character was not held to prevent his recovering the reward. A reversal is asked because of an instruction to the effect that it was the duty of any one seeking to earn the reward to do all he legally had a right to do towards the arrest of the murderer; that if Elkins was a deputy sheriff he had a legal right to arrest McMahon upon

discovering him to be the murderer; and that if, having the right and the opportunity to make such arrest, he voluntarily chose not to do so, and Zimmer, acting for his own benefit and for himself, arrested McMahon, then Zimmer was entitled to the reward.

Public policy forbids an officer to claim a reward for merely doing his duty, but that is the extent to which his official character affects the matter. (*Marsh v. Express Co.*, 88 Kan. 538, 129 Pac. 168; see, also, 24 A. & E. Encycl. of L. 953; 34 Cyc. 1753; Note, Ann. Cas. 1912 C, 1294; Note, 43 L. R. A., n. s., 131; *Hartley v. Inhabitants of Granville*, [Mass. 1913] 102 N. E. 942.) If Elkins is entitled to the reward it is because of voluntary investigations, not required by his office, which resulted in discoveries leading to the arrest and conviction of McMahon. His official character can hardly enter into the matter, because as a private citizen he had authority to make the arrest. (*The State v. Mowry*, 37 Kan. 369, 377, 15 Pac. 282; *Garnier v. Squires*, 62 Kan. 321, 62 Pac. 1005; 5 Enc. L. & P. 484; 3 Cyc. 885.) If in order to gain the reward he was required to do all he legally could toward the arrest, his omission to make the arrest would be equally fatal to his recovery whether he was an officer or a private citizen. In some circumstances the person actually making an arrest might obviously be entitled to the reward—for instance, where a known and unconcealed murderer was at large, and the difficulty in enforcing the law lay in taking him into custody. The present case does not appear to be one to which that rule applies. The jury may have found that the only real difficulty in the affair was to ascertain by whom the murder was committed, and by what evidence this could be proved; that Elkins by his own efforts discovered the facts that made it known that McMahon was the murderer; that he reported these facts to the sheriff; and that as the natural result of this report the arrest was made by Zimmer. Such findings, in the

opinion of this court, would require a verdict for Elkins.
But under the instruction complained of such a verdict
was forbidden if the jury also found that Elkins could
have himself arrested McMahon, but omitted to do so.
We think the instruction put too much stress upon the
question as to who made the arrest, and unduly limited
the effect of another instruction, in the following words,
which correctly stated the principle by which the matter
in dispute should be determined:

"A literal compliance with the terms of the reward
is not required, neither need there be an actual physical
arrest by a claimant; but if you find from a prepon-
derance of the evidence that one of the said parties,
plaintiff or intervenor, acting with a knowledge that
said reward had been offered and with a view to obtain
it, performed substantially the terms of said offer of
reward and discover[ed] evidence and performed serv-
ices which were the primary, proximate, procuring and
predominant cause of the arrest and conviction of one
James McMahon for the crime in question, you will
find for that party."

The argument is made that Elkins in his petition
alleged that he had made the arrest, and, therefore,
that he can not complain of the ruling in question.
However defective his pleading may have been, the
character of his claim was necessarily made clear at
the first trial, and Zimmer can not have been misled.

It may be remarked that situations frequently arise
in which substantial justice is promoted by the division
of a reward among several claimants.   The right of a
court of equity to make such an apportionment has been
asserted, although in other instances it has been denied.
(*Rogers v. M'Coach,* 120 N. Y. Supp. 686; 42 Cent.
Dig., Rewards, § 16; 17 Dec. Dig., Rewards, §12.)

After the first judgment in favor of Zimmer was
appealed from, Zimmer gave a bond to enforce it not-
withstanding the appeal, and it was paid.   The county
asks that it be relieved of liability for the costs that

have since accrued. The controversy is between Elkins and Zimmer, and the costs should be awarded accordingly.

The judgment is reversed and a new trial ordered.