No. 21,447.

R. J. SMITH, *Appellee*, v. ELIJAH B. FENNER, *Appellant*.

SYLLABUS BY THE COURT.

1. REWARD—*Contract for Apprehending Criminal.*   Evidence examined, and held sufficient to prove a contract to pay a reward for discovering, locating and apprehending a criminal.

2. SAME—*Right of Public Officer to Claim Reward.*   The right of a public officer to claim a reward for doing his duty discussed.

3. SAME—*Nonpay Deputy Sheriff May Earn Reward.*   A nonpay deputy sheriff who was under no official duty to discover and apprehend a thief is not barred by any rule of public policy from claiming a reward offered for the capture of the thief.

4. SAME—*Trial—Findings of Jury.*   Findings of a jury examined, and no material inconsistency disclosed therein.

Smith v. Fenner.

5. SAME—*Evidence.*  Evidence examined, and held sufficient to support the finding, verdict and judgment that plaintiff had earned the reward offered by defendant.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge.  Opinion filed April 6, 1918.  Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*John T. O'Keefe,* and *Dennis Jones,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:  The plaintiff, R. J. Smith, obtained a judgment against the defendant, Elijah B. Fenner, for the amount of a reward offered by the latter—

"For work done and performed for him (Elijah B. Fenner) at his request and with his knowledge and consent, in the matter of arresting the thief or thieves charged with picking the pockets and taking from the person of Elijah B. Fenner, and stealing therefrom a large sum of money."

The bill of particulars in part recited:

"And plaintiff avers that on or about the third day of July, A. D. 1916, in the City and County of Leavenworth, State of Kansas, Elijah B. Fenner, the defendant herein, said to this plaintiff, R. J. Smith, 'that some one stole from him nine hundred dollars ($900.00) out of his pocket while he was at the baseball game yesterday' and promised and agreed with plaintiff that 'if he would get the fellow or fellows who got his money he would pay to him the sum of $150.00'; that the words he used were about as follows: 'If you get the fellow who got my money I will give you $150.00.'  That plaintiff accepted the promise and agreement of defendant and went to work immediately to get the fellow or fellows, which he did.  And plaintiff avers that he arrested the following named persons, Calvin Young, John Jacobson and Jessie Young, in Leavenworth County, Kansas, and that two of the said parties, Calvin Young and John Jacobson, have already been found guilty of stealing the defendant's money."

Certain special questions were answered by the jury:

"3.  Who served the state warrant on Calvin Young at the Soldiers' Home?  Answer:  Rube Smith.

"4.  Was Calvin Young the only person who was ever arrested for and convicted of picking the pockets of the defendant?  Answer:  Yes.

"5.  What, if anything, did the plaintiff do for the defendant, in connection with the arrest of the thief or thieves who had picked the pockets of the defendant, that entitles said plaintiff to a reward of $150.00 in

this case? Answer: He assisted in locating and making the arrest of Calvin Young."

After the verdict was rendered, various motions were filed by defendant, including one for judgment for defendant for the reason—

"That the plaintiff admitted in his testimony that he was and is a regularly appointed deputy sheriff of Leavenworth County, Kansas, and that the arrest of one Calvin Young was made in Leavenworth County, Kansas."

Defendant's motion being overruled, and judgment being entered against him, he appeals, and urges several errors which will be noted.

It is first contended that the demurrer to plaintiff's evidence should have been sustained; and to justify this it is urged that plaintiff did not prove a contract with defendant. The court discerns no failure of evidence on that point. The evidence of various witnesses was to the effect that defendant said: "If you get the fellow that got the money, I will give you $150." It was with defendant's knowledge, assistance and coöperation that plaintiff immediately went to work to discover and locate the thief and to have him taken into custody. These facts established the contract.

The important question presented by defendant arises from the fact that plaintiff was a deputy sheriff of Leavenworth county, defendant contending that public policy forbids a public officer to demand or receive a reward in addition to his official compensation for doing his duty. This rule is a familiar and salutary one, and it was particularly well stated in *Matter of Russell's Application,* 51 Conn. 577, 579:

"And it is now well settled that a public officer whose compensation is fixed or whose fees are prescribed by law, cannot legally contract for or demand a larger compensation or higher fees, in the form of a reward or in any other form, for services rendered in the line or scope of his official duties. [Cases cited.]"

The rule and its qualifications are cited and discussed in *Marsh v. Express Co.,* 88 Kan. 538, 541, where it was said:

"It is contrary to public policy to allow an officer to recover a reward for the performance of an official duty. (*Matter of Russell's Application,* 51 Conn. 577; *Bank v. Edmund,* 76 Ohio St. 396, 81 N. E. 641, 11 L. R. A., n. s., 1170, 10 A. & E. Ann. Cas. 726; *United States v. Matthews,* 173 U. S. 381; 34 Cyc. 1753.)"

"On the other hand, no rule of public policy forbids such recovery where the officer is under no obligation arising from his official character to perform the service. (*Smith v. Vernon County*, 188 Mo. 501, 87 S. W. 949, 107 Am. St. Rep. 324, 70 L. R. A. 59; *Russell et als. v. Stewart et al.*, 44 Vt. 170; 34 Cyc. 1755; 24 A. & E. Encycl. of L. 953.)"

(See, also, *Hartley v. Granville*, 216 Mass. 38.)

In another Kansas case, which was here three times, the reward was not withheld because the claimants, both public officers, could not lawfully accept or collect it, but only because the party offering the reward did not know to whom it should be paid. (*Elkins v. Wyandotte County*, 86 Kan. 305, 120 Pac. 542; Id. 91 Kan. 518, 138 Pac. 578; Id. 92 Kan. 299, 140 Pac. 896.)

The case before us comes to this: Was it the official duty of plaintiff to discover, locate, and apprehend the thief. The evidence shows that the plaintiff was a nonpay deputy sheriff of the county where the crime was committed and where the criminal was apprehended. What are the duties of a nonpay deputy sheriff? So far as they are expressly defined by the statute, his duties are "to keep and preserve the peace, . . . and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections." (Gen. Stat. 1915, § 2750.) Any other official duty of a nonpay deputy sheriff could only relate to such as he is commanded to perform by a warrant or order of court, or by direction of his superior officer, the sheriff of the county.

When plaintiff's contract of employment was made with defendant he was under no official duty to discover and apprehend the thief. He had not been detailed for any such duty by the sheriff, nor charged with such duty by a warrant or order of court. The task did not fall into the category of duties imposed on all deputy sheriffs by the statute. Plaintiff could not have been punished or ousted from office for official dereliction if he had wholly ignored this crime and had refrained from doing anything towards the capture of the criminal. And so, when he was engaged by the defendant "to get the man who got his money," plaintiff was at that time as free as any private citizen to undertake to earn the reward.

Moreover, the rule which bars a public official from claiming a reward for doing his duty proceeds in part, at least, upon

53—Kan.—1778

the theory that his official compensation is his lawful reward for his services. (*Matter of Russell's Application*, supra.) As the plaintiff is a nonpay deputy sheriff, one of the reasons for the rule wholly fails when applied to him. Yet it may be conceded that if the reward were claimed by plaintiff for preserving the peace or quieting an affray—these duties being imposed upon him by law—or for executing a warrant or performing a specific duty imposed on him by the sheriff, he probably could not collect the reward although he was serving without pay.

Did the plaintiff earn the reward? The reward was sufficiently earned, as shown by the jury's fifth finding and the evidence which supported that finding. It is immaterial whether plaintiff had any part in the mere formality of making the arrest. When plaintiff, pursuant to defendant's offer, accompanied defendant to the place where the thief was expected to be found, and assisted in locating the thief and caused or coöperated in causing him to be detained until a warrant could be procured for his formal arrest, and the thief was effectually brought to justice through plaintiff's assistance and coöperation, and no other person claims the reward or a share of it—there being no intimation that any other thief not brought to justice took part in the robbery—it seems that plaintiff is justly entitled to the reward.

The third finding of the jury is to the effect that plaintiff made the arrest of the thief, while the return on the warrant showed that the arrest was made by the sheriff himself. That is not important. The controlling fact turns on the question as to whose efforts led to the discovery and apprehension of the thief. The evidence justifies the jury's special finding that it was effected through the efforts of the plaintiff, and justifies the general verdict and judgment in his behalf. (*Stone v. Dysert*, 20 Kan. 123; *Elkins v. Wyandotte Co.*, 86 Kan. 305, syl. ¶ 2, 120 Pac. 542. See, also, Note, 8 Ann. Cas. 860.)

Affirmed.