[No. 14720. Department Two. June 6, 1918.]

B. F. HALL, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*, FRANK GEARY, *Intervener*.[1]

REWARDS — PERSONS ENTITLED — COMPLIANCE WITH CONDITIONS. Where a reward is offered for the apprehension, arrest and conviction of an unknown offender, his apprehension and arrest is the principal factor, and if the person making the arrest upon suspicion aids in furnishing evidence which results in conviction, there is a substantial compliance with the conditions, and he is entitled to the whole reward, although he called in others who obtained evidence as to the offender's identification.

Appeal from a judgment of the superior court for Thurston county, D. F. Wright, J., entered September 4, 1917, upon findings in favor of the intervener, in an action to recover a reward, tried to the court. Affirmed.

*Troy & Sturdevant* and *Geo. F. Yantis,* for appellant.

*W. D. Askren,* for intervener.

[1]Reported in 173 Pac. 429.

MOUNT, J.—On June 3, 1915, one Fred Weiss was murdered by an unknown assailant in Thurston county. When the body was discovered, a watch which was on the person of the murdered man had been removed; his shoes, which were of a peculiar kind, had been removed from his feet; and a pair of shoes which did not belong to the murdered man were found in the vicinity. Subsequently, on June 15th, the governor of the state offered

"a reward of five hundred dollars ($500) for the apprehension, arrest and conviction of the said murderer or murderers of the said Fred Weiss."

Thereafter, on June 21st, one Frank Geary, a detective in the city of Tacoma, found one Joe Parrott, who was offering a watch for sale to a pawnbroker. Mr. Geary, upon inquiring where Mr. Parrott obtained the watch, was informed by Mr. Parrott that he had obtained the watch from a man at Elma, a town which is close to the place where Mr. Weiss was murdered. Mr. Geary immediately suspected Mr. Parrott as the murderer, arrested him without a warrant, took him to the jail in Tacoma, in Pierce county, and lodged him there. He called Mr. B. F. Hall, who was at that time the chief of police in the city of Olympia, by long distance telephone, and was informed that Mr. Hall was not in the office at the time. Mr. Geary stated over the telephone that he had arrested a man for the murder of Weiss, and gave a description of the watch which he had taken from him. On the next day, Mr. Hall went to Tacoma and concluded that the watch upon Mr. Parrott was not the watch which was taken from the body of the murdered man. Mr. Hall noticed the peculiarity of the shoes worn by Mr. Parrott, and the shoes were removed from his feet and by Mr. Hall brought to Olympia and identified by Mrs. Weiss and others as the

shoes of the murdered man. Thereafter Mr. Geary, the sheriff of Thurston county, and others, took Mr. Parrott to the vicinity where the murder was committed, and Mr. Parrott was there identified as having been in that vicinity on the day of the murder. The shoes which were found near the body of Mr. Weiss were also identified as the shoes that Mr. Parrott wore that day. Thereafter Mr. Parrott was brought to trial and was convicted of the murder of Mr. Weiss, largely upon circumstantial evidence furnished by Mr. Geary, Mr. Hall and other witnesses. Thereafter Mr. Hall brought this action against the state to recover the whole of the reward. Mr. Geary filed a complaint in intervention, also claiming the reward. Upon a trial of the case to the court without a jury, the trial court found that Mr. Parrott was arrested by Mr. Geary, that the trial resulted in a conviction of the accused man, and concluded therefrom that Mr. Geary was entitled to the whole reward, and entered judgment accordingly. Mr. Hall has appealed from that judgment.

It is conceded that the murderer, at the time of the arrest, was unknown. It is not disputed that Mr. Geary made the arrest upon suspicion that Mr. Parrott was the murderer. The appellant contends that, because the watch which was taken from the murderer at the time of his arrest was not Mr. Weiss's watch, the suspicions were unfounded, and that the shoes which were worn by the murderer were identified by Mr. Hall's efforts; and because this was a material part of the evidence upon which the conviction was had, Mr. Hall, therefore, was entitled to the reward, or at least that the reward should be apportioned between the claimants. As stated above, the offer of a reward made by the governor was "for the apprehension, arrest and conviction of the said murderer or murderers of the

said Fred Weiss." Mr. Hall did not make the arrest, because it is conclusively proven and conceded that the arrest was made by Mr. Geary. The apprehension or arrest of the murderer was the principal factor. The identification was a matter of evidence. If substantial evidence was procured by the arresting person, assisted by others, he was entitled to the whole reward. As stated in *Elkins v. Board of Com'rs of Wyandotte County*, 86 Kan. 305, 120 Pac. 542, 46 L. R. A. (N. S.) 662:

"Since it is not within the power of any citizen, literally, to do, by himself or his agents, the things specified in the statute and in the published offer, it is held that if he substantially accomplishes the full objects of the offer, aided by the officers of the law in the orderly performance of their official duties, he has met the conditions of the contract and earned the reward." (Syllabus.)

In *Marsh v. Wells Fargo & Co. Express*, 88 Kan. 538, 129 Pac. 168, 43 L. R. A. (N. S.) 133, it was said, in referring to the offer of reward:

"This language is quite as applicable to a conviction as to an arrest. Offers must in such cases be liberally construed in the sense in which they are ordinarily understood and acted upon and the purposes for which they are intended. A substantial compliance is sufficient."

It is clear in this case that Mr. Geary made the arrest. After the arrest, he called in Mr. Hall and other officers, and all of them succeeded in acquiring evidence which brought about a conviction of the accused, which resulted through the cooperation of Mr. Geary, Mr. Hall, the sheriff of Thurston county, the court and the jury; and it seems plain that, under these circumstances, where the person making the arrest of an un-

known offender aids in furnishing evidence which re-sults in a conviction, he is entitled to the whole reward.

The judgment of the trial court is therefore affirmed.

MAIN, C. J., CHADWICK, MACKINTOSH, and HOLCOMB, JJ., concur.