No. 21,473.

HARRY A. THACKER, *Appellant*, v. NATE SMITH, *Appellee*.

SYLLABUS BY THE COURT.

CONTRACT—*Reward for Apprehending Criminal—Deputy Sheriff a Party—Contract Illegal.* The plaintiff, defendant and three others, including the deputy sheriff, entered into a mutual agreement to earn and divide equally the rewards offered for the arrest and conviction of the persons guilty of a certain murder, and succeeded in bringing about such arrest and conviction, considerable of the work being done in the county where the crime was committed and of which the officer referred to was deputy sheriff. The defendant collected more than one-fifth of the reward, and this action was brought by another of the group of five to compel him to pay the one-fifth claimed by the plaintiff. *Held*, that as the deputy sheriff could not lawfully receive any of such reward, the division agreement was void and inseparable, and the plaintiff cannot recover.

Appeal from Montgomery district court; CHARLES D. SHUKERS, judge *pro tem.* Opinion filed November 9, 1918. Affirmed.

*A. R. Lamb*, of Coffeyville, for the appellant.

*Charles D. Welch*, of Coffeyville, for the appellee.

41—Kan.—3099.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued the defendant, Nate Smith, to recover a part of the reward offered for the arrest and conviction of the murderers of one M. C. Murphy. The plaintiff prevailed, but the court set aside the verdict on the ground that the findings showed the contract sued on to be against public policy. The plaintiff appeals, and assigns this ruling as the principal error. The defendant also appeals, and complains of the court's refusal to sustain his demurrer to the plaintiff's evidence.

During the time covered by the transactions involved herein Bert Ziegenfuss was deputy sheriff of Montgomery county. It was alleged, in substance, that the plaintiff had information and evidence tending to prove that certain persons had murdered Murphy; that Ziegenfuss was sent for to examine such evidence; that he enlisted the services of Nate Smith and H. H. Shaw whom he brought with him; that the plaintiff had secured most of his evidence from one Henry Wiley, and so informed the three others; and that the services of Wiley were also secured. It was further alleged that the five met together at different times and places, talking over various plans and schemes for locating the murderers and securing their arrest and conviction, and

"that during one of the meetings held by the above named parties Nate Smith, H. H. Shaw, H. Wiley and Bert Ziegenfuss and the plaintiff . . . the matter of reward was discussed and Nate Smith made the following proposal: 'No matter which one of us catches the murderers the reward ought to be divided equally.' To this proposal the plaintiff, H. H. Shaw, H. Wiley and Bert Ziegenfuss each orally assented."

It was also alleged that a few days later Ziegenfuss again orally assented to the same proposition; that several weeks were spent in the effort, with the result that the murderers were arrested and convicted; that Thacker, Shaw and Wiley permitted Smith to collect $750 as rewards; that Smith paid the plaintiff $100 as his share, and Shaw and Wiley $50 each upon their shares; and that Smith still owed $50 to Thacker, who had the assignments of Shaw and Wiley of their claims of $100 each against Smith, making $250, for which amount he asked judgment.

Thacker v. Smith.

The jury found that Ziegenfuss agreed to the terms of the alleged arrangement; that he was at all times thereafter, up to and including the conviction, deputy sheriff of Montgomery county; and that Smith had actually collected $650, and had paid out as expenses $51.50. Two of the findings of the jury read:

"Q. 9: Do you find that at the time the alleged contract was entered into it was contemplated by the parties that the work or any parts thereof including the reward should be done in Montgomery county? A. Yes.

"Q. 10: Was any part of the work done by Bert Ziegenfuss to earn said reward done in Montgomery county? A. Yes."

It seems that the county board and the sheriff offered rewards of $300 and $100 respectively; that a certain sum was paid to Smith, who gave bond to indemnify the county, and that other parties claiming the reward appealed from its disallowance to the district court.

It is urged by the plaintiff that, while the deputy sheriff could not accept a reward in such a case, there is no reason why the plaintiff could not be permitted to collect his portion, as he was in a position to accept the offers made and, having performed effective service, should be allowed to recover; that his portion of the contract and reward may and should be separated from the invalid part; and that Shaw and Wiley could establish their contract "without relying in any manner upon the unenforceable agreement between the defendant and Bert Ziegenfuss." He further urged that, Smith being the leader of the group of five, the money in his hands is a trust fund belonging to the plaintiff "and should be divided among the various parties entitled to receive it as specified in the trust agreement—that is, equally."

In the brief of the defendant it is claimed that the action was premature, on account of the claim of other parties pending in the district court for the reward offered in the county, but we are not advised what answer was filed in this case, or that such defense was interposed.

It is settled and conceded that the deputy sheriff could not lawfully claim or receive any of the reward in this case. (*Smith v. Fenner,* 102 Kan. 830, 172 Pac. 514.) Neither is this an action in which the claimant is seeking to recover the reward from the parties who offered it. It is a claim by one

of the five parties to the division agreement, against another, that he has collected more than his share and failed to account therefor. The basis of the claim is that the proper share for which it was his duty to account was settled by the "trust agreement," by which the reward was to be divided equally among them. Counsel for the plaintiff says:

"The same agreement existed between Shaw and the defendant and Wiley and the defendant, and their suit is based upon the agreement of the defendant to pay them their portion of the reward, and is not based upon the agreement between Ziegenfuss and the defendant."

The trouble with this is that the amount and share due the plaintiff, if any, is that fixed by the contract between the five parties, which is the basis on which the plaintiff's claim against the defendant rests. Hence, if the foundation be sand, the structure must fall.

Contracts to do two things, one lawful and the other unlawful, have been held void, and inseparable. (*Kansas Pacific Rly. Co. v. McCoy*, 8 Kan. 538; *McBratney v. Chandler*, 22 Kan. 692; *Gerlach v. Skinner*, 34 Kan. 86, 8 Pac. 257; *Flersheim v. Cary*, 39 Kan. 178, 17 Pac. 825; *Bowman v. Phillips*, 41 Kan. 364, 21 Pac. 230; *Patterson v. Glass Co.*, 91 Kan. 201, 137 Pac. 955; *Crawford v. Investment Co.*, 91 Kan. 748, 139 Pac. 481.)

In *Bowman v. Phillips* it was said:

"As between the original parties and all persons *in pari delicto*, the courts will not enforce illegal contracts nor any supposed rights founded upon them, but will leave the parties and those *in pari delicto* just where they find them and leave each in the possession of just what he has already obtained." (p. 369.)

"One of two parties to an illegal contract, who receives profits through the execution of it, will not be compelled to account to the other, because to require him to do so would be the enforcement of an illegal agreement." (*Alexander v. Barker*, 64 Kan. 396, syl. ¶ 3, 67 Pac. 829.)

(See, also, *Hutchins v. Stanley*, 88 Kan. 739, 129 Pac. 1180; *Carey v. Myers*, 92 Kan. 493, 141 Pac. 602; *Investment Co. v. McFarlin*, 93 Kan. 526, 144 Pac. 842; *Dancigar v. Cooley*, 98 Kan. 38, 157 Pac. 453.)

Usually when parties have been permitted to obtain relief in such cases they have been fraudulently induced to enter into the agreement. (13 C. J. 498.) But no such exception to the rule arises here.

There is no way to separate the contract into void and valid

parts, for the insuperable reason that it was all void. Pursuant to such void contract the parties thereto proceeded to earn the reward, and the defendant owes the plaintiff, not because he has collected more than one-fifth of the amount, but because of the agreement thus to divide the money among the five, including the deputy sheriff, who could not lawfully participate in the fund. As between the immediate parties to this agreement neither can call on the other to account, because the law leaves them where it found them. It is the same in law as if the officer had contracted with the defendant alone to earn and divide the reward equally, and had sued him for failing to pay over his half.

The judgment is affirmed.