No. 27,001.

J. W. WILLIAMSON and F. H. CALLAWAY, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LABETTE, *Appellee.*

SYLLABUS BY THE COURT.

1. REWARDS—*Who May Receive—Public Officers.* It is against the policy of the law for a peace officer to receive a reward for the performance of his official duty.

2. SAME—*Who May Receive—Officers Receiving Compensation Fixed by Law.* Officers whose compensation is fixed by law are not entitled to recover a reward offered by the board of county commissioners of a county for evidence leading to the arrest and conviction of persons who have committed murder, but who are unknown or have escaped to parts unknown, although the perpetrators of the crime were discovered and arrested by them, and the conviction of the criminals was brought about by evidence procured and produced by them.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed January 8, 1927. Affirmed.

*C. E. Pile,* of Parsons, for the appellants.

Rewards, 34 Cyc. p. 1753 n. 62; 11 L. R. A. n. s. 1170; 34 L. R. A. n. s. 924; 43 L. R. A. n. s. 131; L. R. A. 1918E 351; 23 R. C. L. 1126.

*Payne H. Ratner,* county attorney, and *Charles H. Cory,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. W. Williamson, chief of police of the city of Parsons, and F. H. Callaway, an undersheriff of Labette county, brought this action against the board of county commissioners of Labette county to recover a reward offered by the board. Judgment was given for defendants and plaintiffs appeal.

It appears that about January 4, 1923, two men were murdered in or near the city of Parsons in Labette county, and on January 8, 1923, the board of county commissioners of Labette county offered a reward of $500 "for evidence leading to the arrest and conviction of the murderers of Paul Thomas and John Shannon, this offer to expire within one year from date."

The plaintiffs, with a knowledge of the offer of reward, actively engaged in a search for the criminals, and after investigation and diligent inquiry the perpetrators of the crime were discovered about January 15, 1923, and thereupon warrants were issued and one George Emery Knight was arrested, tried and convicted, while another of the criminals, James H. Jones, pleaded guilty, and both are now incarcerated in the Kansas penitentiary as punishment for the murder of the parties mentioned in the offer. Plaintiffs allege that the arrest, conviction and punishment were brought about by the evidence procured and produced by them. The defendants do not contest the efficiency of the part taken by the plaintiffs in tracking and apprehending the murderers, but they defend upon the ground that plaintiffs being officers of the law, it was their duty to take diligent and prompt measures for the arrest and punishment of the perpetrators of the crime, perpetrated within their jurisdiction, and that an officer cannot claim a reward for performing his duty, and the allowance of such a reward is contrary to public policy. It may be stated that no warrant had been issued when the criminals were discovered by the plaintiffs.

There are two statutes, one, R. S. 62-1824, authorizing the offer of a reward by the governor of $300 for the apprehension of persons committing a felony. Another statute is R. S. 62-1827, authorizing the county commissioners to offer a reward not to exceed $500 for the discovery, arrest and conviction of murderers where the perpetrators are unknown, or have escaped to parts unknown. All other crimes than murder are excluded from the application of this statute. One

Williamson v. Labette County Comm'rs.

of the things that is relied on by the plaintiffs is that this statute excepts from its application the prosecuting attorney. The argument being that he being specifically excluded, all other officers are fairly included.

It appears that the plaintiffs are salaried peace officers, and the question presented is, may such officers demand or receive any other or further remuneration or reward than that prescribed by law? Upon this question it has been held that where an officer is under no obligation to discover and arrest the perpetrator of a crime arising from his official character, the policy of the law does not preclude him from recovering a reward (*Elkins v. Wyandotte County*, 91 Kan. 518, 138 Pac. 578; *Smith v. Fenner*, 102 Kan. 830, 172 Pac. 514), but it is clearly contrary to public policy to allow an officer to recover a reward for the performance of an official duty. (*Marsh v. Express Co.*, 88 Kan. 538, 541, 129 Pac. 168; *Thacker v. Smith*, 103 Kan. 641, 175 Pac. 973.) In *Taft v. Hyatt*, 105 Kan. 35; 180 Pac. 213, 181 Pac. 561, it was decided that:

"A chief of police, whose duty it is to make an arrest of fugitives from justice or persons charged with or suspected of crimes, is not entitled to maintain an action to recover a reward offered by private individuals for the apprehension of the person, for the reason that public policy does not permit an officer to claim a reward for merely doing his duty." (Syl. ¶ 4.)

In *Marsh v. Express Co.*, supra, the case of *In re Russell*, 51 Conn. 577, was cited in which it was said:

"And no case can be found—at least I have not been able to find any—in which the claim of a public officer to recover a reward for services rendered in the performance of his official duties has received the sanction of a court of last resort in this country or in England." (p. 583. See, also, *Lees v. Colgan*, 120 Cal. 262; *Bank v. Edmund*, 76 Ohio St. 396; and authorities cited in case note 11 L. R. A., n.s., 1170.)

Plaintiffs cite and rely on the authority of *United States v. Matthews*, 173 U. S. 381; but there the one claiming a reward was a nonpay or nonsalaried officer, but if the decision is open to the interpretation placed upon it by plaintiffs that an officer may recover a reward for services rendered in the line or scope of his official duty, it is out of line with the well-nigh unanimous holdings of the courts of this country. As tending to show the policy of the law in our state we may refer to the legislative provision:

"That no officer, state or county, or deputy or clerk of the state officers, or. staff officers of the governor, shall retain under color of his office any fee, compensation or reward for the performance or doing any service or thing apper-

taining to the duties of said office other than is expressly allowed by law." (R. S. 21-1607.)

In *State, ex rel., v. Anderson,* 117 Kan. 117, 230 Pac. 315, it was held that a clerk of the district court who collected and kept for his own benefit interest on money which came into his possession by virtue of his office is a violation of the statute quoted. It would appear that the acceptance of a reward by a salaried officer for the service performed by him in discharge of his official duty would be a violation of that statute.

The trial court reached a correct conclusion in holding that plaintiffs were not entitled to the reward offered and its judgment is therefore affirmed.