PETITION OF AULTMAN.

In Banc. Feb. 28, 1949.

(38 So. (2d) 901)

Dale & Dale, for appellant.

No counsel contra.

**McGehee, C. J.**

This appeal is from an order of the circuit court which disallowed a claim of the petitioner, B. B. Aultman, for the sum of $100 as a reward provided for under Section 2482, Code of 1942, for the arrest and delivering up for trial of a fleeing homicide.

The petitioner, at the time of making such arrest, was a resident citizen of the City of Columbia, in Marion County, and a member of the Police Force thereof, and was being paid a fixed salary by the City for his services under such employment. The homicide occurred within the corporate limits of the City and the arrest was made therein, and immediately after the accused had fled from the scene of the alleged crime. The facts are stipulated

and they show, as found by the trial judge, that the petitioner would have been entitled to the reward, under the statute hereinbefore referred to, unless he is precluded from recovering the reward by reason of his position or employment as a Police Officer.

Section 2483, Code of 1942, provides in substance that a sheriff or other officer who shall arrest a fleeing homicide shall be entitled to the reward provided for under the foregoing Section "the same as other persons, provided the killing is not done in the county in which the officer making the arrest resides." The City of Columbia being in Marion County, and the petitioner being a resident of the said City and County, it follows from the facts hereinbefore stated that the killing was done in the County in which the officer who made the arrest resided.

But it is urged that a police officer is under no official obligation to make arrests for penal offenses under general laws, except in cases of misdemeanors that have been made offenses against the municipality by a general ordinance thereof, and that therefore the petitioner was not in the discharge of the duty required of him by law when making arrest of a fleeing homicide; and that since the Court has held that the statute allowing this reward for the arrest of a fleeing homicide should be liberally construed so as to encourage the making of such arrest by any person, the petitioner would not be precluded from receiving such reward.

However, we are of the opinion that the petitioner is rendered ineligible to receive the reward by virtue of the above quoted language from Section 2483, supra. Moreover, Section 3645, Code of 1942, provides in effect that a mayor or police judge in such a municipality "may sit as a commiting court in all violations of the criminal laws of the state committed within the county outside the municipal corporation and of all felonies within the corporation, and bind over the accused to appear before the proper court having jurisdiction to try the same, or

refuse bail and commit the accused to jail in cases not bailable. He shall also be ex officio justice of the peace in all cases arising within the corporate limits of the municipality, and he shall discharge his duties as such.''

██ ██ This being true, the mayor, whether serving as police judge, or as ex officio justice of the peace, had jurisdiction of the case as a committing court, and from which authority of the mayor there would follow a duty on the part of the police officers to make arrests of persons who commit felonies within a municipality. In fact, such a duty would arise out of the official obligation of a police officer to render services in the maintenance of law and order. If police officers were under no duty to make arrests except in misdemeanor cases within the corporate limits of our cities and towns, then most all felons would be afforded ample opportunity to make their escape from the scene of their crimes unless each sheriff should maintain a sufficient force of deputies in each municipality to cope with such offenders—a requirement not contemplated by law.

The factual situation involved in the case of United States v. Matthews, 173 U. S. 381, 19 S. Ct. 413, 43 L. Ed. 738, was such as to render that case distinguishable from the case at bar, since, as pointed out in the case of Williamson v. Board of Com'rs Labette County, 122 Kan. 349, 252 P. 466, 467, ''the one claiming a reward (in the Matthews' case) was a non-pay non-salaried officer.'' And the Court further said, ''but if the decision is open to the interpretation placed upon it by plaintiffs that an officer may recover a reward for services rendered in the line or scope of his official duty, it is out of line with the well-nigh unanimous holdings of the courts of this country.'' Then, too, we think that the Matthews' case is not controlling here because of the provisions of our statute, Section 2483, hereinbefore quoted from.

In 46 Am. Jur. 114, Section 17, it is said: ██ ██ ''The principal is settled, on considerations of public policy, that an officer cannot lawfully claim a reward for the

performance of a service which it was his duty to discharge. . . ." A great number of decisions are cited in the footnote in the support of this rule.

For the foregoing reasons, ▮▮ the judgment of the trial court is disallowing the award must be affirmed.

Affirmed.