## IN THE MATTER OF STEPHEN KELLY.

An advertisement in the name of a town, signed by the selectmen, offered a reward of $500 to any person who should be the means of detecting and convicting the person who set fire to a barn. An application for the payment of the reward alleged that the selectmen of the town offered a reward of $200 to any person who should make discovery and give information against the person guilty of burning the barn, so that he might be tendered to justice and convicted. Held, that there was no such variance between the application and the proof as to prevent a recovery.

A statute provided that whenever any high crime or misdemeanor should have been committed in any town, the selectmen of the town might offer a reward, not exceeding two hundred dollars, to the person who should make discovery and give information against any other person guilty of such crime or misdemeanor, so that he might be tendered to justice and convicted.

A barn was fired by S., who was procured to do it by G. S. was arrested, convicted and sentenced to the state prison. While in jail and before trial, and after the reward was offered, he voluntarily disclosed to the attorney for the state the fact of G's guilt, but his statements were uncorroborated, and G. was not then prosecuted. Nearly three years afterward, the petitioner, being aware of the disclosure made by S. which was generally known, discovered additional and corroborative testimony, applied to the proper authorities, and caused the prosecution of G., and the steps which he took were the means of his conviction. Without the disclosure made by S. no conviction could have been obtained, nor with that uncorroborated. Held, that the statute ought to receive an equitable, not a strict or technical, construction, and that so construed the petitioner was fairly within its provisions ; and that the offer of reward was not barred by lapse of time, but was binding until the statute of limitation had run against the crime.

PETITION for the payment of a reward offered by the town of Rocky Hill for the detection and conviction of a criminal; brought to the Superior Court, and heard before *Phelps, J.*

The petition alleged that on the 26th day of October, 1865, the selectmen of the town of Rocky Hill publicly offered a reward of two hundred dollars to any person or persons who should make discovery and give information against the persons or persons guilty of the crime of burning the barn of Mrs. Hepzibah Kelly, on October 1st, 1865, so that he or they might be tendered to justice and convicted ; that the petitioner made discovery and gave information against one Nathaniel B. Goodrich, who was guilty of the crime of burning said

In the Matter of Kelly.

barn, so that he was tendered to justice and convicted of said crime.

The following facts were found by the court, and the case was thereupon reserved for advice.

Shortly prior to October 14th, 1865, several buildings in the town of Rocky Hill were fired by incendiaries and destroyed, and on that day the following reward was publicly advertised and offered, viz:

$1,500 Reward. The town of Rocky Hill offer a reward of $1,500, of $500 each, as follows, to any person or persons who shall be the means of detecting and convicting the person or persons who set on fire, or caused to be set on fire, the barn of Mrs. Hepzibah Kelly, October 1st, 1865, and Robert Snyder's factory, October 8th, 1865, and all incendiary fires to October 14th, 1865.

WILLIAM R. BUCKLEY, } *Selectmen.*
HENRY J. SMITH,

Joseph Smith was the person who fired the barn of Mrs. Kelly, and was procured and hired to do it by Nathaniel B. Goodrich. Smith was suspected, arrested, plead guilty, and was sentenced to the state prison. While in jail and before his arraignment in the Superior Court, and after the reward was offered, but with no reference to that, he voluntarily disclosed to the attorney for the state the fact of Goodrich's guilt, but the discovery which he made and the information which he gave were uncorroborated, and Goodrich was not then prosecuted. Nearly three years afterward, the petitioner, who is the son of Hepzibah Kelly, applied to the proper authorities and caused the prosecution of Goodrich, and the steps which he took were the means of his conviction. The petitioner knew of the disclosure which Smith had previously made, and that fact was generally known. He discovered and caused to be adduced some additional and corroborative testimony, and in the prosecution expended of his personal funds in counsel fees and otherwise nearly $100. Without the disclosure made by Smith no conviction could have been obtained, nor with that uncorroborated. Smith substantially "made the discovery and gave the information" contemplated

In the Matter of Kelly.

by the statute, and the petitioner was " the means of the conviction" referred to in the offer of reward.

*Hamersley*, for the petitioner.

*Waldo* and *R. D. Hubbard*, for the respondent.

FOSTER, J. This application is based on the 274th section of the Act concerning Crimes and Punishments, Rev. Stat., 294, and the payment of the reward sought to be recovered is resisted on several grounds.

In the first place it is claimed that there is a fatal variance between the allegations in the application and the proof offered to sustain it. The application sets forth that the selectmen of the town offered a reward of $200 to any person or persons who should make discovery and give information against the person or persons guilty of the crime of burning the barn of Mrs. Hepzibah Kelly, October 1st, 1865, so that he or they might be tendered to justice and convicted; that the applicant made discovery and gave information against one Nathaniel B. Goodrich, who was guilty of the crime mentioned, so that he was tendered to justice and convicted before the Superior Court on the third Tuesday of December, 1868. The advertisement given in evidence, it is claimed, is an offer of a reward by the town, and not by the selectmen; it is for a larger sum than that named in the application, and it is offered for a different service.

We think the selectmen intended to act under the authority given by law, and therefore think that the advertisement should be read in the light of the statute. The advertisement, it is true, states that the town offers the reward, but this is signed by the selectmen officially, and is therefore too slight a variance, if indeed it be a variance at all, to be important. The amount offered is larger than is authorized by law, but we consider it good for the legal amount, $200, and reject the excess. There is doubtless a distinction between being the means of detecting and convicting the guilty, and making discovery and giving information so that the guilty may be

VOL. XXXIX.—21

tendered to justice and convicted, but the reasoning by which such a distinction is made palpable is too subtle and refined to be practically useful. We think that there is no such variance between the allegations in this application and the evidence offered as to prevent a recovery.

But it is further claimed, that, even if the town can be liable on this advertisement, this applicant is not entitled to the reward, as the statute makes that payable "to the person or persons who shall make discovery and give information against any other person or persons guilty of such crime or misdemeanor, so that he or they may be tendered to justice and convicted."

The barn in question was burned by one Joseph Smith, and he was procured and hired to do it by Nathaniel B. Goodrich. Smith was arrested and informed against, pleaded guilty, and was sentenced to the state prison. While in custody, previous to his trial, he disclosed to the attorney for the state the fact of Goodrich's guilt, but the information which he gave was uncorroborated, and insufficient to procure a conviction. No proceedings were instituted against Goodrich. The disclosure which Smith had made was generally known, among others to the applicant. He discovered and caused to be adduced some additional and corroborative testimony; he applied to the proper authorities and caused the prosecution of Goodrich, and the steps which he took were the means of his conviction.

The object of this statute manifestly is to encourage private citizens to aid and assist the public authorities in detecting and punishing crime. Not every one who merely gives information is entitled to a reward; that would be enlarging the meaning of the statute; it ought to receive an equitable, not a strict or technical, construction. Giving it an equitable construction, this applicant is by the finding fairly within its provisions. We distinguish this case from those quoted on the part of the defence, which rest on contract, and not like this on a public statute.

The claim that the right to this reward is barred by lapse of time since the advertisement was published is not well

founded. The case of *Loring* v. *City of Boston,* 7 Met., 409, is not applicable. The reward offered in that case was not for the discovery and punishment of crimes already committed; it was wholly prospective, being " for the apprehension and conviction of any person who shall set fire to any building within the limits of the city." The advertisement was first published on the 26th of May, 1837, and was continued for about a week. In January, 1841, three years and eight months after, there was a fire within the city set by an incendiary, which consumed several buildings. The plaintiff caused the guilty party to be arrested, and he was tried and convicted. On suit brought to recover the reward, the only question was whether said offer of reward continued to be in force at the time of the fire. Chief Justice SHAW, who gave the opinion of the court, said it was manifest that the offer, though not limited in terms, could not have been intended to be perpetual, or to last ten or twenty years, or more ; it must have been understood to have some limit. There being no limit in terms, by a general rule of law it must be limited to a reasonable time, and as the court thought three years and eight months not a reasonable time, under the circumstances, they gave judgment for defendants.

We make no question as to the entire correctness of this decision, and readily assent to the soundness of the principles on which it rests. But the case at bar is of a totally different character. Here, a reward was offered to any one who should make discovery and give information, &c., as to a crime committed on a previous day, specifically pointed out. The offer, it is true, is not limited in its terms as to time, but the statute of limitations, which is applicable to the crime in question, necessarily restricts the offer to the period within which the delinquent must be informed against and prosecuted, three years next after the offence was committed. So long as the statute of limitations continued to run against the offender, so long would this offer of a reward continue good. As soon as the statute becomes a bar to the prosecution, all liability to pay the reward of course ceases, for the conviction of the

offender is an event necessarily antecedent to the payment of the reward.

We think the petitioner is entitled to recover; and the Superior Court is advised to render judgment in his favor.

In this opinion the other judges concurred.