[No. 2169]

## A. E. SMITH, JOE REEDER, GEORGE HOLMES, WARREN FRUIT, HENRY HUGHES, JACK FERGUSON, BILL PARSONS, OTTO VAN NORMAN, AND BEN CAMBRON, RESPONDENTS, *v.* STATE OF NEVADA, APPELLANT.

[151 Pac. 512]

1. REWARDS—OFFER BY STATUTE—KNOWLEDGE OF OFFEREE.

Where the legislature by statute authorized the governor to offer rewards for the arrest and conviction of certain murderers, persons taking such murderers without knowledge that the rewards had been offered were nevertheless entitled thereto; knowledge of the offer not being a prerequisite to recovery in such case, since no contractual relation was contemplated by the legislature, the right to the reward following the performance of the service by operation of law.

2. REWARDS—ARREST AND CONVICTION—KILLING.

Where the legislature by statute authorized the governor to offer rewards for the arrest and conviction of certain murderers, which was done, upon killing such murderers while resisting arrest by force of arms, the members of a posse were entitled to the rewards; the killing being justifiable and operating as a lawful excuse for noncompliance with the full conditions of the reward.

APPEAL from First Judicial District Court, Ormsby County; *Frank P. Langan*, Judge.

Action by A. E. Smith and others against the State of Nevada to recover a reward offered by the Governor for the apprehension of certain alleged murderers. From a judgment for plaintiffs, defendant appeals. **Affirmed.**

*Geo. B. Thatcher*, Attorney-General, for Appellant:

It is essential to the recovery of a reward that the party claiming it knew of and acted upon the offer before he performed the service on which he bases his claim. There is no mutual assent or agreement unless such knowledge exists. (1 Story on Contracts, sec. 493; *Smith v. Vernon County*, 188 Mo. 501; *Stamper* v. *Temple*, 6 Hump. 113; *Tobin* v. *McComb*, 156 S. W. 237; *Hoggard* v. *Dickerson*, 165 S. W. 1135; *Fitch* v. *Snedaker*, 38 N. Y. 248; *Howland* v. *Lounds*, 51 N. Y. 604; *Stone* v. *St. L. Union Tr. Co.*, 130 S. W. 825, 828; *Counch* v. *State*, 103 N. W. 942, 944; 9 Cyc. 254.)

There was no substantial or any compliance with the terms of the contract as embraced in the offer of reward. (*Quolanek* v. *Baker Mfg. Co.*, 137 N. W. 770; *Clanton* v. *Young*, 11 Rich. 546; *Furman* v. *Parke*, 21 N. J. L. 310; *Jones* v. *Phœnix Bank*, 8 N. Y. 228; *Bent* v. *Wakefield Bank*, 4 L. R. C. P. 1; *Wall* v. *Proctor*, 3 Metc. 447; *Gould* v. *Chickasaw*, 37 South. 710.)

A substantial performance of the service proposed in the advertisements must be shown to enable the party claiming the reward to recover.   (*Burke* v. *Wells Fargo*, 50 Cal. 221; *Besse* v. *Dyer*, 9 Allen, 151; *Williams* v. *West Shore R. R.*, 191 Ill. 610; *Rawls* v. *Stephens*, 104 Mo. App. 115; *Lovejoy* v. *Atchison R. R.*, 53 Mo. App. 356; *Shuey* v. *U. S.*, 92 U. S. 73.)

*Sweeney & Morehouse* and *W. W. Griffin*, for Respondents:

Prior knowledge of the offer of reward is not necessary to recovery. (*Auditor* v. *Ballard*, 9 Bush. 572; *Morelle* v. *Quarles*, 35 Ala. 54; *Wilson* v. *Stump*, 103 Cal. 255; *Marvin* v. *Treat*, 37 Conn. 96; *Everman* v. *Hymen*, 26 Ind. App. 165; *Howland* v. *Lounds*, 51 N. Y. 604; *Reid* v. *Paige*, 55 Wis. 496; *Drummond* v. *U. S.*, 35 Ct. Cl. 356; *Eagle* v. *Smith*, 4 Houst. 293; *Dawkins* v. *Laffington*, 26 Ind. 199; *Clinton County* v. *Davis*, 162 Ind. 60; *Russell* v. *Stewart*, 49 Vt. 170; *Campbell* v. *Mercer*, 108 Ga. 103; *Cummings* v. *Clinton County*, 108 Mo. 162; *Broadnax* v. *Ledbetter*, cited 9 L. R. A. n. s. 1057.)

The killing of the Indians was such a performance of the terms of the offer as entitles plaintiffs to the reward. (*Haskell* v. *Davidson*, 91 Me. 488; *Kinn* v. *Bank*, 118 Wis. 537; *Junista Co.* v. *McDonald*, 122 Pa. St. 115; *Washburn* v. *Humphreys*, 35 N. C. 88; *Tobin* v. *McComb*, 156 S. W. 237; *Porterfield* v. *State*, 92 Tenn. 289; *Granshaw* v. *Roxbury*, 7 Gray, 374; *Dexter* v. *Norton*, 47 N. Y. 62; *Stone* v. *Dysert*, 20 Kan. 123; *Mosley* v. *Stone*, 108 Ky. 493.)

By the Court, NORCROSS, C. J.:

This is an action to recover the amount of a reward offered by the governor under the provisions of an act of the legislature reading:

"An act authorizing the governor to offer a reward for
the arrest and conviction of the person or persons
guilty of the murder of Harry Cambron and three
associates in Washoe County.

"Approved February 17, 1911.

"Section 1.   That the governor is hereby authorized to
offer a reward of one thousand dollars in each instance,
and not exceeding five thousand dollars in all, for the
arrest and conviction of the person or persons guilty of
the murder of Harry Cambron and three associates in
Washoe County.

"Sec. 2.   There is hereby appropriated, out of any money
in the treasury, not otherwise appropriated, the sum of
five thousand dollars, to carry out the provisions of this
act." (Stats. 1911, p. 16.)

This case was submitted to the court below upon the
following agreed statement of facts:

"That during or about the month of January, 1911,
Harry Cambron and three associates were murdered in
Washoe County, State of Nevada.   That thereafter the
legislature of the State of Nevada authorized the offer of
a reward for the arrest and conviction of the person or
persons guilty of the murder of Harry Cambron and
three associates, such act having been approved on Feb-
ruary 17, 1911.   That thereafter, and on the 17th day of
February, 1911, Tasker L. Oddie, Governor of the State
of Nevada, did offer a reward of $1,000 in each case for
the arrest and conviction of the person or persons guilty
of the murder of Harry Cambron and three associates.
That Harry Cambron and three associates were murdered
by a band of Indians, which included Indian Squaw
Jennie, unknown Indian boy, Shoshone Mike, Buck
Disenda, Buck Kinnan, Buck Cupena, and unknown
Indian squaw.   That A. E. Smith, Joe Reeder, George
Holmes, Warren Fruit, Henry Hughes, Jack Ferguson,·
Bill Parsons, Otto Van Norman, and Ben Cambron, plain-
tiffs herein, were members of a posse on the trail of the
said Indians, and did, on or about the 26th day of Febru-
ary, 1911, kill the certain Indians above referred to in an
attempt to arrest said Indians, who were then· and there

murderers of said Harry Cambron and three associates, while said Indians refused to surrender, and were resisting arrest for the said murder of said Harry Cambron and three associates, but that none of said assassins were arrested, tried, or convicted by any court. That none of the plaintiffs herein knew of the reward so offered by the governor, as provided for by the act of the legislature, until after the killing of the said Indians, who were the murderers of said Harry Cambron and three associates, on or about February 26, 1911."

The appeal presents two questions:

(1) Is prior knowledge of the offer of the reward necessary?

(2) Have respondents complied with the conditions of the reward?

[1] Many cases hold that where the claimant of a reward had no prior knowledge of its offer, and did not act by reason thereof, he is not entitled to recover. This rule appears to be well established where the reward is offered by a private individual. The rule is applied by many, but not all, of the courts where a reward has been offered by public authorities in pursuance of the provisions of a general statute. This rule is based upon the theory that an undertaking to secure a reward rests upon contract, and that by an arrest made or other act performed, for which a reward is offered, a person having no knowledge of the offer of reward has done nothing in consideration of the reward, and has no ground to enforce the contract, for, as to him, no contractual relations exist. In *Broadnax* v. *Ledbetter*, 100 Tex. 375, 99 S. W. 1111, 9 L. R. A. n. s. 1057, the Supreme Court of Texas says:

"While we have seen no such distinction suggested, it may well be supposed that a person might become legally entitled to a reward for arresting a criminal, although he knew nothing of its having been offered, where it is or was offered in accordance with law by the government. A legal right might in such a case be given by law without the aid of contract. But the liability of the individual citizen must arise from a contract binding him to pay."

The above excerpt from the Texas case is not quoted

as the decision of the court, no such question being involved in that case, but because the suggestion is therein made that in a case like the one at bar a legal right might exist independent of contract.

None of the numerous cases to which our attention has been called deals with the case of a statute authorizing a reward in a particular case. It can hardly be said, we think, in a case of this kind, that any contractual relation is contemplated by the legislature, but rather that the right to the reward follows by operation of law, if a compliance with the provisions of the statute has been shown. When the statute was passed authorizing the reward, such statute became a part of the law of the state. Every one is presumed to know the law, and this presumption is not even rebuttable. (12 Cyc. 155.) While the presumption does not imply knowledge of the actual offer of the reward, the presumption of knowledge of the statute is worthy of consideration in determining that no contractual relation should be held to enter into the offer of reward in such a case.

In a proceeding before the United States Court of Claims to recover a reward offered by the attorney-general of the United States, the court, speaking through Mr. Justice Peelle, said:

"The purpose of a reward is, of course, to stimulate persons to make arrests, and while knowledge thereof is essential to effect that purpose, still if the offer be a general promise to any one, made by a public officer with authority, as in the case at bar, the motives of the person who makes such arrest cannot be inquired into. The arrest itself is conclusive of the motives which prompted it. (*Williams* v. *Carwardine,* 4 Barn. and Adolph. 621; *Auditor* v. *Ballard,* 9 Bush, 572, 15 Am. Rep. 728; *Dawkins* v. *Sappington,* 26 Ind. 199.) There are some authorities holding that knowledge of a reward offered is essential to a recovery; but we think the weight of authority is as we have stated it, especially where the reward has been offered by a public officer with authority, as in the case at bar." (*Drummond* v. *United States,* 35 Ct. Cl. 372.)

As said by the Supreme Court of Kansas, in *Elkins*

v. *Board of Commissioners*, 86 Kan. 305, 120 Pac. 542, 46 L. R. A. n. s. 662:

"Many conflicting authorities are cited to sustain the contentions of the respective parties. A careful reading of them all, and others, indicates that each case, as to the circumstances and the object sought to be obtained in offering the reward, must in a measure be considered by itself." (46 L. R. A. n. s. 668.)

The circumstances surrounding the offer of reward in the case at bar are such, we think, that the legislature never contemplated that knowledge of the offer should be a prerequisite to a right to recover. The murder of the four stockmen in midwinter, in a part of the state remote from centers of population, indicated its perpetration by Indians. It was certain that whoever undertook the capture of the murderers had to assume unusual hardships and dangers in a country where communication with the outside world was difficult and at times impossible. It may reasonably be assumed that the legislature had knowledge at the time of the passage of the act that one or more posses were already in pursuit of the outlaws.

[2] The fact upon which the second question must be determined has no parallel in the reported cases, and yet we think precedent exists for a rule which is applicable to the facts of this case. The offer of the reward was "for the arrest and conviction of the person or persons guilty of the murder of Harry Cambron and three associates." There was neither arrest nor conviction, for the reason that the persons "guilty of the murder" were all killed while resisting arrest. The persons composing the posse were authorized to make an arrest of the murderers. (Rev. Laws, sec. 6954.) The taking of the lives of the murderers, while resisting arrest by force of arms, was also justifiable. (Rev. Laws, secs. 6396, 6397.)

As said in the notes to the case of *Elkins* v. *Board of Commissioners, supra:*

"In construing rewards offered for arrest and conviction, the courts have been inclined to look with disfavor

on a too technical interpretation of the word 'conviction.'"
(46 L. R. A. n. s. 664.)

The author of the note also says:

"One who offers a reward for the performance of a certain service may prescribe any terms he may wish, but as experience has shown that many persons are profuse in their promises and slow in meeting them, and are inclined to take advantage of mere technicalities in order to avoid carrying out their end of the agreement, courts have often, as in *Elkins* v. *Wyandotte County*, held that a substantial compliance with the terms is sufficient, especially where a literal compliance would be impossible."

The Supreme Court of Connecticut, in the *Matter of Kelly*, 39 Conn. 159, held: "That the statute ought to receive an equitable, not a strict or technical, construction, and that so construed the petitioner was fairly within its provisions" and entitled to the reward.

In *Haskell* v. *Davidson*, 91 Me. 488, it was held: "An offer of a reward for the arrest and conviction of an offender cannot be taken literally."

In case of *Mosley* v. *Stone, Auditor*, 108 Ky. 492, is analagous to the one at bar. It was therein held: "Plaintiff is entitled to a reward offered by the governor for the arrest of a fugitive and his delivery to the jailer, though in making the arrest he wounded the fugitive so that he died before he could be delivered to the jailer."

In the case at bar the arrest and conviction of the persons for whom the reward was offered was rendered impossible by reason of their being killed while resisting arrest. Their killing, in the manner detailed in the agreed statement of facts, was justifiable and operated as a lawful excuse for noncompliance with the full conditions of the reward.

It is our conclusion that there has been shown a substantial compliance with the conditions of the reward, and the respondents are entitled to recover.

Judgment affirmed.