## IN THE MATTER OF DAN HAIGH, ET AL.

Superior Court          Windham County          File #6957½

Present:   Hon. FRANK P. McEVOY, Judge.

John B. Harvey, for the Petitioners.

Howard B. Bradford, for the State of Connecticut.

## MEMORANDUM FILED OCTOBER 20, 1936.

McEVOY, J.   This petition is brought by virtue of the provisions of **Section 5963, Rev. of 1930.**

This section provides, substantially, that "any person who shall give information leading to the arrest and conviction of any person for theft of a motor vehicle . . . . shall receive a

reward of such sum, not exceeding one hundred dollars, as the Court in which such conviction is had, or, as the presiding judge of such Court may determine . . . ."

The undisputed facts are, that the petitioners actually apprehended and turned over to the authorities a person who had unlawfully taken a motor vehicle, and that this person later pleaded guilty and was sentenced.

The plea of guilty is, at least, as conclusive as a conviction, so that, in that respect the terms of the statute have been met.

The question has been raised, upon the argument of the petition, as to whether or not the words "shall give information" may be construed to include a case where no information, as such, was, in fact, given, but where the petitioners, instead of merely giving information, actually apprehended the accused and actually turned the accused over to the authorities.

It is very evident that the purpose in seeking the information is to lay a foundation for the orderly presentation and confrontation of the accused and his subsequent conviction.

The greater includes the less. The actual apprehension and turning over of the accused to the authorities is a service of a greater degree of benefit to the State, than the mere giving of information.

In the matter of **Stephen Kelly, 39 Conn., 159, at page 161,** our Supreme Court said: "There is doubtless a distinction between being the means of detecting and convicting the guilty, and making discovery and giving information so that the guilty may be tendered to justice and convicted, but the reasoning by which such a distinction is made palpable is too subtle and refined to be practically useful."

In **86 A. L. R., 575, at page 579, Lewis vs. Petroleum County,** in the annotations the first case cited under the heading, "Reward for Discovery and Giving of Information", is the Kelly case, just cited, **39 Conn., 159.**

An examination of the annotated cases would seem to warrant the conclusion that the words, "Information," "Detection," "Apprehension," "Arrest," etc., including the words, "Discovery" and "Conviction," are to be liberally construed, so that the general purpose and intent of such statutes may

be carried out.

It would reduce the incentive if, by means of a narrow construction, one were deterred in his efforts to function under the ordinary understanding of the meaning of words.

It therefore appears that these petitioners have so acted as to bring themselves within the terms and the meaning of **Section 5963.**

The accused was, apparently, finally apprehended, after a course of conduct which indicates a general disregard for the rights of others, and it may be that his capture averted a serious situation in that community.

An order may be entered, that the sum of eighty dollars ($80.00), be paid to and divided among the petitioners equally.