STATE OF CONNECTICUT *v.* ROBERT N. MALM
(PETITION OF ANTOINETTE M. MONTANO)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 8—decided June 5, 1956

*Cornelius D. Shea,* with whom, on the brief, were *Robert R. Potter* and *Sidney Greenberg,* for the appellant (petitioner).

*Albert S. Bill,* state's attorney, with whom, on the brief, was *Douglass B. Wright,* assistant state's attorney, for the appellee (state).

BALDWIN, J. The petitioner, hereinafter called the plaintiff, brought a motion to the Superior Court under § 8268 of the General Statutes claiming a reward offered by the governor in the matter of *State* v. *Malm* (142 Conn. 113, 111 A.2d 685). Her motion was denied and she has appealed. The question is whether she fulfilled the terms of the offer for the reward.

On December 10, 1953, the body of Irene Fiederowicz was discovered in the rear yard of a dwelling house in the southwestern part of Hartford. She had been strangled by a scarf tied around her neck, and it was suspected that she had been criminally assaulted. The plaintiff read the account of the murder in "The Hartford Times" late in the afternoon of December 10. She had been criminally assaulted on November 22, 1953, and her assailant had not been apprehended. She was impressed by the similarity of the circumstances in the Fiederowicz case and her own. The next day, December 11, she

communicated with the police and furnished information concerning her assailant which placed Malm under suspicion. He was taken into custody on December 12 and was identified by the plaintiff as the one who had assaulted her. On December 13, after questioning by the police, Malm confessed to the assault on the plaintiff. On December 14, the governor caused to be published an offer of reward in the Fiederowicz case "to the person or persons who shall give information leading to the arrest and conviction" of the guilty person. On December 15, Malm confessed to the murder of Irene Fiederowicz. Prior to the offer of the reward, the plaintiff had furnished to the police all the information within her possession and Malm had been taken into custody. The trial court concluded that she had failed to comply with the terms of the offer of reward.

Section 8269 of the General Statutes authorizes the governor, when any crime punishable by death or imprisonment in the state prison has been committed, to offer publicly, upon application of the state's attorney in the county wherein the crime was committed, "a reward not exceeding three thousand dollars, to the person who shall give information leading to the arrest and conviction of the guilty person . . . , which reward shall be paid to the informer by the state, by order of the court before which such conviction is had." In *Atwood* v. *Buckingham,* 78 Conn. 423, 428, 62 A. 616, we said that a statute authorizing the offer of a reward "contain[s] the conditions of a contract." See also *In the Matter of Kelly,* 39 Conn. 159, 162. Section 8269, by its express terms, empowers the governor to make an offer of a reward. So long as this offer continues in force it can be accepted only by compliance with its terms. This concept of an offer of a reward as an

offer to enter into a contractual relationship which can be accepted by the performance of an act or series of acts is the one which has been generally accepted by the courts. *Campbell* v. *Mercer,* 108 Ga. 103, 107, 33 S.E. 871; *Kinn* v. *First National Bank,* 118 Wis. 537, 542, 95 N.W. 969; *Henderson* v. *United States Fidelity & Guaranty Co.,* 298 S.W. 404, 406 (Tex. Comm'n App.); *McClaughry* v. *King,* 147 F. 463, 464; *Shuey* v. *United States,* 92 U.S. 73, 76, 23 L. Ed. 697; 46 Am. Jur. 113, § 14.

There is a divergence of view on whether the performance must be with knowledge of the offer in mind, or in other words whether the person claiming the reward must act in response to the offer. 1 Corbin, Contracts, pp. 181, 218; 1 Williston, Contracts (Rev. Ed.) p. 85 § 33, p. 88 § 33a. Where the offer has been made by an agency of the government, some courts have subscribed to the proposition that knowledge of the offer and action based upon it are essential to recovery. *Glover* v. *District of Columbia,* 77 A.2d 788, 790 (D.C. Mun. App.); 1 Corbin, op. cit., p. 181 & n.15; Restatement, 1 Contracts § 53. Others have taken the position that such an offer is in effect a grant and that the ordinary rules of contract do not apply. *Smith* v. *State,* 38 Nev. 477, 480, 151 P. 512; 1 Corbin, op. cit., p. 182 & n.16. The application of any general rule as decisive of a particular case is not altogether satisfactory. Of necessity, much depends upon the peculiar terms of the offer and the facts of each individual case. For example, in *MacFarlane* v. *Bloch,* 59 Ore. 1, 3, 115 P. 1056, the published offer was "Lost—Pocketbook. Return to county judge's office; $100.00 reward." The court held that even though the pocketbook was found before the offer of reward was published, the return of the pocketbook entitled the plaintiff to the

reward. Similarly, in cases where the public authorities have offered a reward for information leading to the apprehension and conviction of a criminal, some courts have held that even though the performance was begun before knowledge of the reward and completed afterwards, the person rendering the performance was entitled to recover. *Coffey* v. *Commonwealth*, 18 Ky. L.R. 646, 37 S.W. 575; *Genesee County* v. *Pailthorpe*, 246 Mich. 356, 359, 224 N.W. 418; *Smith* v. *Vernon County*, 188 Mo. 501, 514, 87 S.W. 949.

The facts of the instant case do not bring it within the comprehension of the rule generally accepted by the courts. The terms of the statute and the offer of the reward made pursuant to it are prospective. The reward is for the person "who shall give information leading to the arrest and conviction" of the guilty person. The manifest purpose of the statute was to elicit information not already available. See *In the Matter of Kelly*, 39 Conn. 159, 162. It contemplated performance in reliance upon the offer. It was not its purpose to provide recompense to one who had wholly performed before the offer was made. In this important respect our statute differs from the one under consideration in the case of *Smith* v. *State*, 38 Nev. 477, 480, 151 P. 512, which subscribes to the so-called "grant" theory. Our statute does not admit of an interpretation such as the court gave the Nevada statute. In the *Kelly* case, supra, we intimated that rewards which were offered pursuant to a statute were distinguishable from those which were not and therefore presumably rested on contract. It does not appear in the *Kelly* case, supra, whether the petitioner actually knew of the reward but, as a matter of fact, the services for which the reward was claimed were performed

after the offer of reward had been published. The reward had been offered by the selectmen under a statute (Rev. 1866, p. 294, § 274) which contained language similar to that in § 8269.

We said in *In the Matter of Kelly,* 39 Conn. 159, 162: "The object of this statute [Rev. 1866, p. 294, § 274] manifestly is to encourage private citizens to aid and assist the public authorities in detecting and punishing crime. Not every one who merely gives information is entitled to a reward; that would be enlarging the meaning of the statute; it ought to receive an equitable, not a strict or technical, construction." While § 8269 should receive an equitable construction, courts cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result. "[A]n offer of reward . . . is not the recognition of an equitable duty of the government to the informer, but a mere act of public policy, the giving or withholding of which, and whose terms, are wholly within the discretion of the government. Whoever claims under such an offer must bring himself within its terms. Failing to do that, his compensation is the consolation which comes to every citizen from the discharge of a public duty, which is the common obligation of all." *United States* v. *Connor,* 138 U.S. 61, 66, 11 S. Ct. 229, 34 L. Ed. 860. In the field of legislation, the legislature is supreme. Courts must apply legislative enactments according to their plain terms.

There is no error.

In this opinion the other judges concurred.