STATE OF CONNECTICUT *v.* JAMES AVIS
(PETITION OF ROBERT DEPRETIS)

| SUPERIOR COURT | JUDICIAL DISTRICT OF LITCHFIELD | FILE NO. 1834549 |
|---|---|---|

Memorandum filed February 7, 1990

*Smith, Keefe & Moraghan,* for the petitioner.

*Frank Maco,* state's attorney, for the respondent.

RIEFBERG, J. The issue in the present case is whether the petitioner, Robert DePretis, should receive the $20,000 reward offered to the person or persons giving information leading to the arrest and conviction of the individual responsible for the murder of Alfred Schmidt.

The following facts are undisputed: On October 8, 1978, at approximately 4 a.m., a robbery was committed in Litchfield. During the course of the robbery, Schmidt was killed by a shot from a handgun. On October 31, 1978, the governor, at the request of Dennis

Santore, the state's attorney for Litchfield, authorized a reward of $20,000 for information leading to the arrest and conviction of the person responsible for the murder of Schmidt. On December 14, 1978, the petitioner obtained a written and signed confession from James Avis in which Avis admitted responsibility for the murder of Schmidt. On December 18, 1978, the petitioner supplied the state police with Avis' written statement. That information eventually led to the arrest of the elusive Avis. Avis was twice tried and convicted of the murder of Schmidt. Although the first conviction was overturned on appeal, Avis was retried and a jury found him guilty of the crime of felony murder in violation of General Statutes § 53a-54c. The latter conviction was affirmed by the Supreme Court. *State v. Avis*, 209 Conn. 290, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989). The petitioner testified at both trials and each time his testimony was instrumental in bringing the confession of Avis into evidence.

The respondent sets forth two reasons why DePretis is not entitled to the reward. The respondent first claims that DePretis was a private investigator employed by Attorney Joseph Gallicchio, who had represented Daniel Vinal, a codefendant of Avis. It is true that an individual already under a duty to investigate and report information relating to a crime is not eligible to collect a reward. *Matter of Russell's Application*, 51 Conn. 577, 579–80 (1881) (a police officer may not collect a reward since he is continually under a duty to report criminal activity); *Slattery* v. *Wells Fargo Armored Service Corporation*, 366 So. 2d 157, 159 (Fla. App. 1979). It is equally true, however, that the objective of a reward statute "is to encourage private citizens to aid and assist the public authorities in detecting and punishing crime." *In the Matter of Kelly*, 39 Conn. 159, 162 (1872). Adhering to such a philosophy is of even greater

importance in today's world where society is confronted daily with the reality of a rising tide of violent crime.

Although DePretis may have initially commenced his activity in this matter as a result of his relationship with Gallicchio on behalf of the codefendant, Vinal, his continued activity was not the result of that type of pre-existing duty applicable to a police officer. DePretis stated that the reward was an inducement for taking action on behalf of Vinal. This case is distinguishable from *Matter of Russell's Application,* supra, because unlike a police officer, DePretis cannot be said to possess a constant duty to investigate and report criminal activity. DePretis' relationship with Gallicchio and Vinal, therefore, does not bar him from collecting the reward.

The respondent argues next that the petitioner should not be permitted to collect the reward because of his failure to "bring himself within its terms."*State* v. *Malm,* 143 Conn. 462, 467, 123 A.2d 276 (1956). The respondent asserts that DePretis should not be allowed to claim the reward because of his failure to provide "information leading to the arrest and conviction" of the person responsible for the murder of Schmidt. The respondent concedes that the information supplied by the petitioner led to the arrest of Avis, but claims that it did not lead to his conviction. The respondent further contends that Avis' confession hampered the respondent's efforts at trial since it conflicted with certain physical evidence offered by the respondent concerning the identity of the individual who fired the shot that killed Schmidt.

The respondent's argument overlooks the crucial fact that, at his second trial, Avis was convicted of felony murder in violation of § 53a-54c. *State* v. *Avis,* supra, 292. Section 53a-54c, the felony murder statute, provides: *"A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts*

*to commit robbery,* burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree *and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants,* except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." (Emphasis added.)

Regardless of any other problems that Santore may have had with the confession of Avis, Santore did employ the confession during his closing argument to establish that Avis was present at the scene of the crime and was a participant in the robbery. When viewed in this manner, it is clear that the respondent did rely upon the Avis confession to confirm essential elements of the crime of felony murder. It can properly be said therefore, that Avis' confession was a critical factor leading to his conviction.

For the reasons stated, the petitioner is granted the $20,000 reward.