[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to the provisions of section 8-8 of the General Statutes from the decision of the Town of Waterford Zoning Board of Appeals (hereinafter "ZBA") in which the ZBA upheld the issuance of- a cease and desist order against the City of New London by the town's zoning enforcement officer (Record Item No. 10).
Factually, it appears that the City of New London (hereinafter "the City") is the owner of a parcel of land located at 1154 Hartford Turnpike Road (Connecticut Route 85) at the intersection of Lakes Pond Road in the town of Waterford, which was purchased by the City of New London on April 16, 1923 (Record Item 12-L). For a number of years the City Police Department operated a firearms training facility at the site. In recent years the site has been used sporadically for firearms and other training by the City Police Department and other agencies and groups. CT Page 3274
On September 7, 1989, the Zoning Enforcement Officer of the Town of Waterford, David Martin, issued an ABATEMENT ORDER, which said in part that the City of New London was required to "cease use of premises for New London Police firearms training facility. The use is not permitted and has not been approved by the Waterford Planning and Zoning Commission" (Record Item 12-A).
The City appealed the cease and desist order to the ZBA and has appealed to this Court an adverse ruling from the ZBA upholding the zoning enforcement officer's cease and desist order.
Neither party claims any procedural or notice deficiencies in the procedure.
The deputy assessor testified at the hearing in court and the parties have stipulated to the underlying facts of the City's ownership of the property during all relevant periods, and the aggrievement of the City has not been put in issue. From those facts the Court finds that the City is aggrieved. Bassert [Bossert] Corporation v. Norwalk, 157 Conn. 279
(1968).
Reduced to its simplest terms, the City's argument in this court is that the ZBA acted illegally, arbitrarily and in abuse of its discretion because, first, the use of the land as a police municipal training facility is a permitted use under the Town of Waterford Zoning regulations and, secondly, because the use of the property as a municipal training facility predated the adoption of zoning by the Town of Waterford the same is a nonconforming use which has not been abandoned.
The defendant ZBA has claimed that the zoning regulations do not permit the City to operate its municipal training facility on the property and, secondly, that if the premises were ever used for that purpose (and there seems to be no dispute that it was) that the use has been abandoned by the City's inactivity in recent years.
Both parties have filed the required briefs in this court and oral arguments have been held at which the parties were represented by counsel.
There is no dispute with regard to the standard of review in this court.
The burden of proof rests squarely with the plaintiff City of New London. Verney v. Planning and Zoning CT Page 3275 Board of Appeals of the Town of Greenwich, 151 Conn. 578
(1964).
There is a limited scope of judicial review with the controlling question being whether the ZBA acted arbitrarily or illegally or so unreasonably as to have abused its discretion. Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53 (1988).
Courts may not substitute their judgment for that of the ZBA. Molic v. Zoning Board of Appeals, 18 Conn. App. 159
(1989).
The transcript of the public hearing (Record Item No. 1) and the exhibits introduced at that hearing (Record Item No. 12) indicate that a full and spirited hearing was conducted by the ZBA. It is clear from the record that the neighborhood surrounding the City of New London's municipal training facility has, over the years in which the City has owned and operated its facility, expanded extensively with residential development and the development of the Lakes Pond Baptist Church. In fact, the Lakes Pond Baptist Church has recently begun the operation of a school on its property within site of the facility for grades kindergarten through twelve.
Bruce Rinehart, Deputy Chief of the City of New London Police Department, testified at the hearing that over the years the City tried to cooperate with the neighbors by restricting their activities at the shooting range to different hours which were requested by the church and eliminating certain days from their schedule. Nevertheless, mounting pressure apparently from the neighbors has created a situation where the Town of Waterford officials were required to address the issues raised which eventually resulted in the cease and desist order.
The file is replete with reports from various Town of Waterford officials giving their views on the interpretation of the regulations, and the process used by the ZBA was thorough and comprehensive. It could hardly be found to be arbitrary.
It should be pointed out, however, that it is not the purpose of the court procedure being utilized here to determine whether the City of New London's Police Department is using good procedures, safe methods or whether it constitutes good planning to have a school conducted in the vicinity of a police department firearms training facility. The court is required to apply the law as it is written to the CT Page 3276 legal issues raised; i.e. (1) does the activity of the City constitute a "municipal facility" which would be legally permitted in the zoning district under section 6.2.4 of the regulations; and (2) has the City abandoned its nonconforming use as defined by section 24.2.6 of the regulations. There is no dispute that section 3.32 of the Town of Waterford zoning regulations provides in pertinent part that:
 When the use of land. . .existed prior to the adoption of these regulations which is only allowed hereafter upon approval of a special permit, such existing use shall be considered a permitted use. . . .
It is also not in dispute that section 6.2.4 of the regulations dealing with the uses permitted in the RU-120 district subject to approval of a special permit include "municipal facilities. . ." The question has been raised by the findings and decision of the ZBA as to whether the term "municipal" in the zoning regulations means any municipality, including the City of New London, or whether it is limited to the Town of Waterford. The ZBA, with considerable staff support, came to the conclusion that the term "municipal" as used in those regulations is a term intended to include only the Town of Waterford. The City of New London, on the other hand, claimed that the term "municipal" is clear and unambiguous and would include any municipality. Neither party has disputed that the activity is a "facility."
On that issue it is interesting to note a recent decision of our state Supreme Court said that in interpreting language, the intent "is to be found not in what it meant to say, but in what it did say." State v. Lubus, 216 Conn. 402,406 (1990). "If the words are clear and unambiguous, it is assumed that they express the intention. . .and we need inquire no further." State v. Mattioli, 210 Conn. 573, 576 (1989). The law is clear that if no contrary definition is assigned or unless the context dictates otherwise, terms in a zoning regulation are to be assigned their ordinary meaning, just as would be true in a state statute. General Statutes section1-1(a). It has been long established that trial courts must apply legislative enactments (and regulations) according to their plain terms and cannot read into a statute something which is not there in order to reach a just result. Rosnick v. Aetna Casualty Surety Co., 172 Conn. 416, 422 (1977). In that case the court said "due regard for the differing functions of the legislative and judicial branches of government requires that the courts refrain from rewriting, under the pretext of interpretation, the clearly expressed language of a legislative enactment which the court deems to CT Page 3277 be preferable to that the legislation requires." Courts must apply legislative enactments according to their plain terms. State v. Malm, 143 Conn. 462, 467 (1955). A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. Marcolini v. Allstate Ins. Co., 160 Conn. 280,284 (1970).
It must also be noted that zoning regulations by their very nature are intended (and permitted) only to circumscribe uses to which property may be put within certain districts. Section 8-2, Connecticut General Statutes. The law does not authorize towns to deal with ownership per se by enacting zoning regulations.
Applying those rules the court determines that the term "municipal facility" in the zoning regulations includes facilities owned by the City of New London as well as those operated by the Town of Waterford so that a municipal police training facility, including a firearms function, would be a permitted use under the above zoning regulations. The ZBA decision is therefore illegal.
Since this conclusion disposes of the issues raised, it is not necessary to determine the question of whether the activity of the City of New London over the many years prior to and subsequent to the adoption of zoning in the Town of Waterford would constitute a nonconforming use or whether the same was abandoned.
However, it may be noted (as pointed out by the appellant in its brief) that the Waterford Police log, which is contained in Record Item 12-BB, shows that complaints were made on June 24, 1989; August 30, 1989; September 5, 1989 and May 31, 1987 relating to the use of the property in question by the New London Police. (See also Record Items 12-F and G.) Under the circumstances it would be difficult for this record to support a finding of nonuse, even though it is clear that "local governments are authorized to fashion zoning regulations that terminate nonconforming uses after a specified period of nonuse without regard to intent." Essex Leasing, Inc. v. Zoning Board of Appeals, 206 Conn. 529, 607
(1988). But see Public Act 89-277, effective October 1, 1989.
For the reason indicated the appeal is sustained. The Zoning Board of Appeals' decision is overturned, and the cease and desist order is vacated.
Leuba, J. CT Page 3278