[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: CLAIMS FOR COSTS
The narrow issue in this memorandum involves the respective
claims of the parties for costs after a jury verdict.
After a trial, the plaintiff, Shirley Proctor was awarded $22,400.00 damages by jury verdict. During the course of the action, the defendants had filed an offer of judgment in the amount of $20,000.00, which was not accepted by the plaintiff.
Under the provisions of Conn. Gen. Stat. 52-195, the plaintiff, Shirley Proctor, now claims costs because the verdict amount exceeded the offer of judgment. Section 52-195 (b) reads as follows:
 "Unless the plaintiff recovers more than the sum named in the offer of judgment, with interest from its date, he shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after he received notice. Such costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars."
It is the defendants' claim that the plaintiff will not recover more than the offer of judgment amount of $20,000.00, because, under Conn. Gen. Stat. 52-225(a) and (b), the amount of the verdict must be reduced by "collateral source" payments in the amount of $6,534.77, thus resulting in a recovery by the plaintiff of less than the $20,000.00 offer of judgment. There is, apparently, no dispute between the parties, that "collateral source" payments have been made and that such payments will reduce the amount of Shirley Proctor's verdict to an amount below the defendants' offer of judgment. The dispute centers around the narrow issue as to whether the word "recovers" in Section 52-195 (b) is to be interpreted as the amount of the jury verdict or the amount ultimately resulting after the reduction by the "collateral source" payments. If the former, the plaintiff is entitled to full costs if the latter, the plaintiff is not entitled to costs post offer of judgment and the defendants are entitled to their costs post offer of judgment.
Ballentines Law Dictionary defines recover as, "to acquire as a result of a formal judgment or decree of a court." Similarly, recovery is defined as "The amount which a claimant ultimately receives under or in consequence of a judgment." — "Receiving or coming into possession of CT Page 120 something." Of similar import is Webster's New International Dictionary and Black's Law Dictionary.
Apart from these definitions, the court is unable to find or add anything which is counter to the matters included in the defendants' brief: the cases cited therein, the legislative history and the examples narrated by way of illustration. The court is not enamored with our Tort Reform Legislation, but must find that "recovers" in Section 52-195 (b) must be interpreted to mean "judgment," and, not a jury verdict.
In her brief, the plaintiff has pointed out the absurd result obtained by reading Section 52-195 in conjunction with Section 38a-369, which prohibits a setoff in cases involving private passenger motor vehicles. The court, however, cannot substitute its own view of what might be wise or just in the face of a clear expression of the legislative will. United Aircraft Corp. v. Fusari, 163 Conn. 401, 414, Rosnick v. Aetna Casualty Surety Co., 172 Conn. 416, 422. In the legislative history of Section 52-195, both the title of the act and the discussion involved only the term "judgment." "Verdict" is nowhere mentioned. Such is significant and may be considered in determining the intent of the legislature. Miller v. Board of Education, 166 Conn. 189, 194.
The issue is found in favor of the defendants. It is further found that the plaintiff Shirley Proctor is not entitled to costs post offer of judgment and that the defendants are entitled to their costs post offer of judgment. No attorney's fees are allowed to the defendants.
BELINKIE, STATE TRIAL REFEREE CT Page 121
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 122
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 123