# IN THE SUPREME COURT OF THE STATE OF NEVADA

US BANK, N.A., A NATIONAL
BANKING ASSOCIATION, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
BANC OF AMERICA MORTGAGE
SECURITIES 2008-A TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2008-A,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND ALESSI & KOENIG,
LLC,
Respondents.

No. 71414

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant U.S. Bank asks this court to adopt the standard set forth in the Restatement (Third) of Property: Mortgages § 8.3 (1997), which recognizes that courts are generally justified in setting aside a foreclosure sale when the sales price is less than 20 percent of the property's fair market value. U.S. Bank also asks this court to clarify that "commercial reasonableness" is an appropriate inquiry in evaluating the validity of an HOA foreclosure sale. This court rejected these two requests in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017), and we decline to reconsider that decision.

18-10322

U.S. Bank also contends that the HOA's CC&Rs contain a "restrictive covenant" wherein the HOA elected not to foreclose on the superpriority component of its lien, thereby rendering U.S. Bank's deed of trust unaffected by the foreclosure sale. In relevant part, the restrictive covenant provides that "no . . . enforcement of any provision of this Declaration shall defeat or render invalid the rights of the beneficiary under any Recorded first deed of trust." Assuming U.S. Bank's argument in this respect is not foreclosed by this court's conclusion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 419 (2014), that NRS 116.1104 prohibits an HOA from waiving its superpriority lien right, we are not persuaded by U.S. Bank's proffered interpretation of the restrictive covenant. That is, U.S. Bank's only "right[ ]" that was arguably "defeat[ed] or render[ed] invalid" was its deed of trust being extinguished by virtue of the foreclosure sale. However, it was NRS 116.3116(2) (2012) that authorized the extinguishment of U.S. Bank's deed of trust, not the enforcement of any provision in the CC&Rs.[1] Accordingly, even assuming an HOA can choose to conduct a subpriority-only foreclosure when the superpriority component of its lien has not been satisfied, we are not persuaded that the restrictive covenant in this case is evidence that the HOA made such a choice.[2]

[1]U.S. Bank has not identified any provision in the HOA's CC&Rs that it believes were being enforced in violation of its rights.

[2]We decline to consider U.S. Bank's argument that the deed respondent SFR Investments received is ambiguous in terms of whether the HOA chose to foreclose on the superpriority component of its lien. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Similarly, U.S. Bank's reliance on *River Glider Avenue Trust v. Wells Fargo Bank, N.A.*, Docket No. 69229 (Order of Affirmance, Oct. 14, 2016), is

U.S. Bank finally argues that the district court overlooked its proffered evidence of fraud, unfairness, or oppression that allegedly affected the sale. *Cf. Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49 (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent some element of fraud, unfairness, or oppression affecting the sale). As evidence of fraud, unfairness, or oppression, U.S. Bank points to the following: (1) the foreclosure notices did not specify that the superpriority component of the HOA's lien was being foreclosed, (2) the CC&Rs contained a mortgage subordination clause, (3) SFR Investments did not believe that its purchase of the property would be free and clear of U.S. Bank's deed of trust, and (4) SFR Investements placed the only bid at the HOA sale.

We conclude that this proffered evidence does not amount to fraud, unfairness, or oppression. First, the applicable provisions of NRS Chapter 116 did not require the foreclosure notices to specify that the superpriority component was being foreclosed, *cf. SFR Invs.*, 130 Nev. at 757, 334 P.3d at 418 (observing that it was "appropriate" for the notices to state the total lien amount because they are sent to the homeowner and other junior lienholders), and in any event, U.S. Bank did not introduce evidence that it was actually misled by the notices' failure to include this information. Second, even if potential bidders had record notice of the mortgage subordination clause, it is also presumed that any potential bidders also were aware of NRS 116.1104, *see Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 513 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable."), and there is no evidence that

---

misplaced, as that appeal did not timely present the issue of whether an HOA could choose to conduct a subpriority-only foreclosure.

bidding was actually chilled by virtue of the mortgage subordination clause. Third, to the extent that SFR Investments' belief regarding the effect of the foreclosure sale might implicate fraud, unfairness, or oppression, we are not persuaded by U.S. Bank's attempt to impute the subjective belief of the person who purchased the property to SFR Investments as an entity. Finally, the fact that SFR Investments placed the only bid does not, in and of itself, suggest that the sale was affected by fraud, unfairness, or oppression, particularly when U.S. Bank could have participated in the bidding if it chose to do so.

In light of the foregoing, we need not address the parties' arguments regarding whether SFR Investments was a bona fide purchaser. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Nancy L. Allf, District Judge
        Akerman LLP/Las Vegas
        Kim Gilbert Ebron
        HOA Lawyers Group, LLC
        Eighth District Court Clerk