# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
BDJ INVESTMENTS, LLC,
Respondent.

No. 75480

FILED

NOV 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge. Reviewing findings of fact for clear error or substantial evidence, *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013), and conclusions of law de novo, *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003), we affirm in part, reverse in part, and remand.[1]

Following a three-day bench trial, the district court found that appellant did not produce sufficient evidence to show that Fannie Mae owned the loan secured by the first deed of trust, and therefore the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3) (2012), did not protect the first deed of trust from being extinguished. We recently concluded that evidence like that proffered by appellant was sufficient to establish that Freddie Mac (or in this case Fannie Mae) owned the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849-51 (2019). In light of that decision, we conclude that the district court erred in finding that Graham Babin's testimony, Keith Kovalic's testimony, and business records

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-47403

from appellant and Fannie Mae were insufficient to show that Fannie Mae owned the property. Moreover, the deed of trust and the note in this case state they are "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT[s]."[2] We are also persuaded that appellant submitted sufficient evidence demonstrating that the FHFA did not consent to the sale pursuant to the Federal Foreclosure Bar.

The district court also determined that the Federal Foreclosure Bar did not protect the first deed of trust because Fannie Mae had not publicly recorded its ownership of the loan secured by the first deed of trust. But we concluded in *Daisy Trust* that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Id.* at 849; *see also In re Montierth*, 131 Nev. 543, 547-48, 354 P.3d 648, 650-51 (2015) (observing that even though a promissory note and accompanying deed of trust may be "split," the note nevertheless remains fully secured by the deed of trust when the record deed of trust beneficiary is in an agency relationship with the note holder). Accordingly, the district court erred in concluding that appellant failed to show by a preponderance of the evidence that Fannie Mae owned the loan and that the Federal Foreclosure Bar did not apply.[3] Respondent should have

---

[2]Because these documents were attached as exhibits to appellant's complaint, along with a document explaining that appellant was the servicer of the loan on behalf of Fannie Mae, we note that the district court's finding that appellant failed to allege Fannie Mae's interests in its complaint is inconsequential.

[3]We find respondent's argument pertaining to NRS 47.240's conclusive presumptions unconvincing. *See Shadow Wood HOA, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 56, 366 P.3d 1105, 1110 (2016) (noting that conclusive recitals barring post-sale challenges call into question the court's power to set aside foreclosure sales).

therefore taken title to the property subject to the first deed of trust. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 273-74, 417 P.3d 363, 367-68 (2018) (holding that the Federal Foreclosure Bar prevents an HOA foreclosure sale from extinguishing a first deed of trust).

Appellant also contends that the district court should have set aside the foreclosure sale based on the grossly inadequate purchase price and unfairness and oppression in the foreclosure process. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness and oppression, appellant relies on (1) the fact that the notice of lien, notice of default, and notice of sale all failed to inform appellant that the sale involved a superpriority portion of the lien; (2) the CC&Rs' restrictive covenant expressing that the HOA would not enforce the lien in a manner that would jeopardize the deed of trust; and (3) Nevada Association Services, Inc. (NAS) distributing the sale proceeds in a manner inconsistent with foreclosing on the superpriority portion only.

We disagree that this evidence amounts to oppression or unfairness. First, there are no statutory requirements that the foreclosure notices state the superpriority component or whether the HOA was asserting a superpriority lien right. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014), *superseded by statute on other grounds as stated in Saticoy Bay LLC 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev., Adv. Op. 23, 444 P.3d 428 (2019). Second, we have previously held that mortgage savings clauses protecting the first deed

of trust were void and unenforceable under NRS 116.1104. *Id.* at 757-758, 334 P.3d at 418-19. Moreover, we must presume that any such bidders were aware of NRS 116.1104, such that they were not misled or chilled from bidding.[4] *See Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 513 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable."). We also note that section 18.3(b) of the CC&Rs tracks the language of the superpriority provision in NRS 116.3116(2) and provides that the HOA's lien is subject to NRS 116.3116(2), which casts doubt on the meaning appellant ascribes to the restrictive covenant. Third, NAS's post-sale distribution of proceeds has no bearing on any unfairness or oppression prior to and during the sale. Additionally, NRS 116.31166(2) (1993)[5] absolved respondent of any responsibility to see that the sale proceeds were properly distributed. Appellant also fails to provide any evidence that opening bidding at the total HOA lien amount owed with the intent to apply post-sale distributions to the subpriority portion chilled bidding.

Accordingly, the district court correctly determined that the foreclosure sale was commercially reasonable and therefore not void, but

---

[4]Appellant's reliance on *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016) is misplaced. *ZYZZX2* is distinguishable because, in addition to the CC&Rs' mortgage saving clause, the HOA in that case sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust. *Id.* at *5.

[5]In 2015, the Legislature amended NRS 116.31166. 2015 Nev. Stat., ch. 266, § 6, at 1342. We refer to the pre-2015 version as the statute in effect at the time the underlying cause of action arose.

erred when it determined that respondent took title to the property without being subject to the first deed of trust.[6] We therefore

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Jerry A. Wiese, District Judge
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP
       Christopher V. Yergensen
       Eighth District Court Clerk

---

[6]Given that price alone is insufficient, we need not address appellant's argument regarding the property's fair market value.